# Case Docket Entries

CC-20-2024-C-1419

| | | | | |
|---|---|---|---|---|
| Court: | **Circuit** | County: **20 - Kanawha** | Created Date: **12/31/2024** | Security Level: **Public** |
| Judge: | **Carrie Webster** | Case Type: **Civil** | Case Sub-Type: **Other** | Status: **Open** |

Related Cases:

Style: **Brandon Woodrum v. Safeco Insurance**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 12/31/2024 12:17:26 PM | E-Filed | | Complaint |
| | 1-1 12/31/2024 | Civil Case Information Statement | | |
| | 1-2 12/31/2024 | Complaint - Complaint | | |
| | 1-3 12/31/2024 | Transmittal | | |
| | 1-4 12/31/2024 | Summons | | |
| 2 | 12/31/2024 12:17:26 PM | Judge Assigned | J-20016 | Carrie Webster |
| 3 | 12/31/2024 12:17:26 PM | Party Added | P-001 | Brandon Woodrum |
| 4 | 12/31/2024 12:17:26 PM | Party Added | P-002 | Hayley Woodrum |
| 5 | 12/31/2024 12:17:26 PM | Party Added | D-001 | Safeco Insurance |
| 6 | 12/31/2024 12:17:26 PM | Attorney Listed | P-001 | A-9578 - Eric J Buckner |
| 7 | 12/31/2024 12:17:26 PM | Attorney Listed | P-002 | A-9578 - Eric J Buckner |
| 8 | 12/31/2024 12:17:26 PM | Attorney Listed | P-001 | A-11866 - Daniel James Burns |
| 9 | 12/31/2024 12:17:26 PM | Attorney Listed | P-002 | A-11866 - Daniel James Burns |
| 10 | 12/31/2024 12:17:26 PM | Service Requested | D-001 | Filer - Secretary of State |
| 11 | 2/26/2025 3:57:28 PM | E-Filed | | Supporting Documents - Plaintiff's First Set of Interrogatories, Requests for Admission and Requests for Production to Defendant. |
| | 11-1 2/26/2025 | Supporting Document - PLAINTIFFS FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT. | | |
| | 11-2 2/26/2025 | Transmittal | | |
| 12 | 3/6/2025 4:15:54 PM | E-Filed | | Reissue/Additional Summons - Reissue another summons |
| | 12-1 3/6/2025 | Supporting Document - Reissue another summons | | |
| | 12-2 3/6/2025 | Transmittal | | |
| | 12-3 3/6/2025 | Summons | | |
| 13 | 3/6/2025 4:15:54 PM | Service Requested | D-001 | Filer - Secretary of State |
| 14 | 3/11/2025 2:52:21 PM | E-Filed | | Amended Complaint - Amended Complaint |
| | 14-1 3/11/2025 | Civil Case Information Statement | | |
| | 14-2 3/11/2025 | Amended Complaint - Amended Complaint | | |
| | 14-3 3/11/2025 | Amended Complaint - PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA COMPANY | | |
| | 14-4 3/11/2025 | Transmittal | | |
| | 14-5 3/11/2025 | Summons | | |
| 15 | 3/11/2025 2:52:21 PM | Party Added | D-002 | Safeco Insurance Company of America |
| 16 | 3/11/2025 2:52:21 PM | Service Requested | D-002 | Filer - Secretary of State |
| 17 | 3/11/2025 2:52:21 PM | Service Requested | D-001 | Filer - Secretary of State |
| 18 | 3/19/2025 9:52:32 AM | E-Docketed | | Supporting Documents - Acceptance of Service by Secretary of State as to Safeco Insurance Company of America |
| | 18-1 3/19/2025 | Supporting Document - Acceptance of Service by Secretary of State as to Safeco Insurance Company of America | | |
| | 18-2 3/19/2025 | Transmittal | | |
| 19 | 4/16/2025 10:46:35 AM | E-Filed | | Answer - Complaint Denied |
| | 19-1 4/16/2025 | Civil Case Information Statement | | |
| | 19-2 4/16/2025 | Answer - Answer to Amended Complaint | | |
| | 19-3 4/16/2025 | Transmittal | | |
| 20 | 4/16/2025 10:46:35 AM | Attorney Listed | D-002 | A-14253 - Dylan James Howard George |

EXHIBIT

A

## Case Docket Entries

CC-20-2024-C-1419

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 21 | 5/30/2025 10:11:45 AM | E-Filed | | Supporting Documents - Rule 26 Proposed Plan and Rule 16 Proposed Scheduling Order |
| | 21-1 5/30/2025 | Other - Rule 26 Proposed Plan and Rule 16 Proposed Scheduling Order | | |
| | 21-2 5/30/2025 | Transmittal | | |
| 22 | 8/1/2025 3:04:23 PM | E-Filed | | Certificate of Service - Defendant Safeco Insurance Company of America's Responses to Plaintiffs' First Set of Interrogatories, Requests for Admission and Requests for Production |
| | 22-1 8/1/2025 | Certificate of Service - Defendant Safeco Insurance Company of America's Responses to Plaintiffs' First Set of Interrogatories, Requests for Admission and Requests for Production | | |
| | 22-2 8/1/2025 | Transmittal | | |
| 23 | 8/11/2025 3:08:13 PM | E-Filed | | Certificate of Service - Certificate of Service |
| | 23-1 8/11/2025 | Certificate of Service - First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Plaintiffs | | |
| | 23-2 8/11/2025 | Transmittal | | |
| 24 | 9/10/2025 4:09:27 PM | E-Filed | | Supporting Documents - Stipulation for Extension of Time to Respond to Discovery |
| | 24-1 9/10/2025 | Supporting Document - Stipulation for Extension of Time to Respond to Discovery | | |
| | 24-2 9/10/2025 | Transmittal | | |
| 25 | 9/23/2025 4:07:15 PM | E-Filed | | Certificate of Service - Plaintiffs' Answers and Responses to Defendant's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Plaintiffs |
| | 25-1 9/23/2025 | Certificate of Service - Plaintiffs' Answers and Responses to Defendant's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Plaintiffs | | |
| | 25-2 9/23/2025 | Transmittal | | |

E-FILED | 12/31/2024 12:17 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF  KANAWHA COUNTY, WEST VIRGINIA

BRANDON AND HAYLEY WOODRUM,

        Plaintiff,

vs.                           CIVIL ACTION NO.  _____

SAFECO INSURANCE COMPANY,

        Defendant.

## **COMPLAINT**

Comes now Plaintiffs Brandon and Hayley Woodrum, who for their complaint against Safeco Insurance states as follows:

1. Plaintiffs, Brandon and Hayley Woodrum, at all times material and relevant herein, are residents of Kanawha County, West Virginia.

2. Defendant Safeco Insurance (hereinafter referred to as "Safeco") is an insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business being in Boston, Massachusetts. Safeco is engaged in the business of providing insurance-related services including providing residential insurance to consumers. Safeco is authorized to and does, in fact, issue policies of insurance in West Virginia. Safeco may be served with process at Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302.

3. The Plaintiff had an insurance policy with Defendant Safeco which was in full force and effect on April 2, 2024.

4. Safeco issued a homeowner's insurance policy to the Plaintiff bearing

1

policy number OK6722650. This policy provided dwelling coverage limits of $453,700.00, personal property loss limits of $226,850, other structures coverage limits of $45,370.00 and additional living expense coverage with limits of $90,740.00. The policy is not attached since it is already in the possession of the defendants.

5.    In the morning hours just before noon on April 2, 2024, a severe storm with winds reaching upwards of 90 miles per hour moved through Charleston, West Virginia causing significant damage to homes and buildings throughout the area.

6.    As a result of the subject storm, Plaintiffs' roof and fascia was severely damaged in multiple areas to the point of leaking into the interior of their home.   The storm also damaged their attached decking and railing. Finally, Plaintiffs' personal property was damaged and/or destroyed as a result of the storm as well as a tree falling on their property.

7.    Immediately following the April 2, 2024, storm, Plaintiffs contracted with a local construction company, Calendar Construction, to place emergency tarps over the damage to Plaintiffs' roof.   This was done to avoid any further water intrusion and damage in an effort to mitigate any further damages.

8.    On the day of the incident, Plaintiff Brandon Woodrum contacted and reported the claim to his Safeco broker, Don Wilson. When his local broker could not be reached, Plaintiff Brandon Woodrum contacted

Safeco directly and filed his claim.

9.   On or about April 5, 2024, Calendar Construction completed an estimate for the repairs to the Plaintiffs' storm-related damage. This included, but was not limited to, the roof, fascia, deck, trees, and the other personal property of the Plaintiffs. Calendar Construction advised, as to the roof, that a complete replacement was needed to prevent additional damage and imminent interior leaks, noting that the home's integrity was compromised. The estimate from Calendar Construction was $28,325, which included replacement of personal property.

10.  A representative for Safeco conducted an on-site inspection of the subject property on or about April 8, 2024. This adjuster generated an estimate from an inspection that lasted no more than twenty (20) minutes. During this time, Plaintiff Brandon Woodrum had to show the adjuster areas of obvious damage, such as the destroyed decking. The on-site adjuster reportedly admitted that he did not observe the damage indicated by the Plaintiff to the deck.

11.  The initial estimate from the April 8, 2024, inspection totaled $6,904.19. However, the same did not include a reference to or mention of water damages to the Plaintiff's home, removal of a large tree in Plaintiffs' backyard, damaged patio furniture or damage to a custom-built child's playset.

12.  Based upon this initial estimate by Safeco, an initial payment of

$5,585.21 was made on or about April 17, 2024.

13.     Given the nature of the damages and the unreasonable estimate provided Safeco, Plaintiffs were forced to retain counsel.

14.     A second inspection of the of residence by a Safeco adjuster occurred on or about April 23, 2024.  This inspection, which lasted approximately fifteen (15) minutes, was limited to photographs being taken, Plaintiff Brandon Woodrum showing the adjuster storm-related water spots, and the adjuster questioning why the Plaintiffs moved forward with the roof replacement with the Plaintiffs' contractor.  Specifically, the Safeco adjuster questioned the materials used by the contractor, which were incorrectly identified by the adjuster.

15.     Following this second inspection, a second payment of $7,402.86 was made to the Plaintiffs on or about May 7, 2024.

16.     Another estimate was prepared by Safeco for the repair to the Plaintiffs' residence and replacement of certain personal property.  This estimate, unlike the previous one, addressed the roof, deck and railing, tree removal, and replacement of personal property.  The total for this second estimate was $16,725.91.

17.     Following the second estimate, Safeco issued a final payment to the Plaintiffs in the approximate amount of $1,959.00, which brought the total payments for the claim to $14,974.16.  This amount was slightly half of the total costs of repairs and replacement provided by Calendar

4

Construction on behalf of the Plaintiffs to Safeco.

18.    Since June 2024, there have been no additional payments and no additional discussions with Safeco regarding the Plaintiffs' claims.

19.    Due to the failure of the defendants to timely, fairly, and appropriately handle the claim, the Plaintiffs were forced to hire an attorney.

20.    Safeco has failed to timely or appropriately respond to Plaintiffs' requests for full payment for the repair and replacement costs associated with the subject storm damage.

21.    As a result of defendants' actions, Plaintiffs have been forced to file a lawsuit to recover the benefits owed to them under their policy.

22.    As a result of its failure to pay the benefits owed under the policy, Safeco have breached the insurance contract.

23.    Implied in the policy of insurance issued by defendant, Safeco, was a covenant requiring Safeco to adjust, evaluate, and negotiate the Plaintiffs' claim fairly and in good faith.

24.    The defendant, Safeco, breached the implied covenant of good faith and fair dealing in connection with its handling of Plaintiffs' residential dwelling and personal property loss claim.

25.    The defendant, Safeco, by and through its agents, representatives and employees, has failed to undertake reasonable efforts to investigate, negotiate and adjust the Plaintiffs' dwelling and personal property claim.

26.    The defendant, Safeco, by and through its agents, representatives and employees, has failed to reasonably and timely pay the dwelling and personal property claim due and owing to the Plaintiffs under its policy.

27.    The foregoing conduct by the defendant, Safeco, has constituted and continues to constitute a breach of the implied covenant of good faith and fair dealing.

28.    As a result of Safeco's breach, the Plaintiffs has been forced to incur expenses and costs, including attorneys' fees, to pursue their claim for residential dwelling and personal property losses to which they are entitled.

29.    As a further result of Safeco's breach, the Plaintiffs have experienced, and continues to experience, inconvenience, aggravation, annoyance, anxiety and/or other mental and emotional distress.

30.    Safeco intentionally and/or with a conscious disregard for the rights of its insured, have failed to fulfill the obligations created by the implied covenant of good faith and fair dealing inherent in the policy of insurance referenced in paragraph 4 above.

31.    Safeco's failure to timely evaluate, adjust and pay the Plaintiffs' residential dwelling and personal property loss claim, is illegitimate, intentional, without basis in law or fact and done with a malicious and/or conscious disregard for the rights of the Plaintiff.

32.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claims, have violated and continue to violate multiple provisions of Title 114, Series 14 of the Legislative Rules of the Insurance Commissioner of the State of West Virginia.

33.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' residential claims, have violated and continues to violate W. Va. Code §33-11-4(9) in at least the following particulars:

a.    Failing to adopt and implement reasonable standards for the prompt and proper investigation of claims arising under insurance policies;

b.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiff's claims when liability had become clear;

c.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

d.    Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e.    Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

f.      Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g.      Compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less or no amounts than the amounts ultimately recovered in actions brought by the insureds, when the insured have made claims for amounts reasonably similar to the amounts ultimately recovered; and

h.      Failing to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

34.     The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claim, was and continue to be committed and/or performed with such frequency as to indicate a general business practice.

35.     The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claims have been intentional, willful and outrageous in character and have been done in bad faith and/or with a conscious disregard of the Plaintiffs' rights.

36.     The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, caused the Plaintiffs to sustain

8

severe emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation and other general damages, some of which are reasonably certain to continue into the future.

37.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, have caused the Plaintiffs to incur substantial costs, expenses and attorneys' fees.

38.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, have been so outrageous that the Plaintiffs are entitled to recover punitive damages from the defendants in order to punish them and to deter the defendants, and other insurance companies, from engaging in similar conduct in the future.

WHEREFORE, Plaintiffs demand judgment over and against Defendant for an amount within the jurisdiction of this Court for compensatory damages, general damages, as well as punitive damages, and for the costs incurred in pursuing this action for which they are entitled by law and for such other relief as this Court deems proper including, but not limited to, all reasonable attorneys' fees, expenses and costs incurred in pursuit of this claim, as well as pre-judgment interests on all amounts until such monies are fully tendered.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

Brandon and Hayley Woodrum, Plaintiffs,

9

by:    */s/* **Eric J. Buckner**
Eric J. Buckner, Esq. (#9578)
Daniel J. Burns, Esq. (#11866)
Katz, Kantor, Stonestreet &
Buckner, PLLC
206 South Walker Street
Princeton, WV  24740
(304) 431-4050
ebuckner@kksblaw.com
dburns@kksblaw.com

*Counsel for Plaintiffs*

E-FILED | 2/26/2025 3:37 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BRANDON AND HAYLEY WOODRUM,

Plaintiff,

vs.                        CC-20-2024-C-1419
                                    Judge Carrie Webster

SAFECO INSURANCE COMPANY,

Defendant.

**PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR
ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT,
<u>Safeco Insurance</u>**

Pursuant to the provisions of Rules 33, 34 and 36 of the West Virginia Rules of Civil Procedure, the Plaintiffs, by counsel, hereby request the Defendant, Safeco (hereinafter referred to as "Safeco") answer and respond separately, in writing and under oath, to the following interrogatories and requests for production and to produce the following documents and things or copies thereof. Plaintiffs also request that within forty-five (45) days after the service of these requests for admission on the Defendant or its attorney, that the Defendant specifically admit under oath or deny under oath the following facts. The Defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. If the responding party gives lack of information or knowledge as a reason for failure to admit all or part of the request for admission, the party shall state in the answer that a reasonable inquiry concerning the matter in the particular request has been made, and that the information known or readily obtainable is insufficient to enable the party to admit the matter. Service of Safeco's answers and a



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

true copy of each and every document or object requested may be made upon the undersigned by depositing its answers and a true copy of each and every document or object requested in the U.S. Mail, postage prepaid, to the offices of Katz, Kantor Stonestreet and Buckner, or by delivering the same at such other place as may be agreed upon by the parties, within forty-five (45) days of service of the same upon you.

## INSTRUCTIONS

1. The below interrogatories are deemed to be continuing so as to require the filing of supplemental answers promptly in the event that Safeco or its representatives, including counsel, learn additional facts not set forth in the answers or discover that information given in response to any of the interrogatories is incorrect. Such supplemental answers may be filed from time to time, but in no event later than thirty (30) days after such further information is received.

2. Each interrogatory is to be answered separately and as completely as possible. The omission of any name, fact or other representation that such name, fact or item was not known to the Defendant, counsel or other representatives at the time of the service of the answers will be deemed controlling.

3. Each document or thing produced in response to any of the specifications herein is to be marked to indicate the specific number in response to which it is being submitted.

4. If a document or thing is withheld under any claim of privilege, identify and describe each such document or thing specifically and state with respect to each such document the date, sender, recipient(s) of the original and any copies, subject matter and the basis for any claim of the privilege.


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
ATTORNEYS AT LAW

5. This request is to be continuing in nature such that all documents and things obtained, prepared or otherwise generated in the future through the completion of these proceedings are requested to be produced.

<u>DEFINITIONS</u>

The following definitions shall apply throughout these interrogatories and requests:

1. The words "you" and "your" include Safeco, its present and former agents and representatives, including counsel for Safeco.

2. The word "describe" and "state" shall mean:

    (a) Describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law;

    (b) Particularize as to:

        (i) Time;

        (ii) Place; and

        (iii) Manner.

3. The word "identify" as used in connection with a person or persons means to state the name, title and present address of such person or persons.

4. The word "identify" as applied to any document means to state the following:

    a. Its date;

    b. The identity of its author;

    c. The identity of its sender;

    d. The identity of the person to whom it was addressed;

    e. The identity of the recipient;


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
ATTORNEYS AT LAW

     f.    The format;

     g.    The title;

     h.    The number of pages; and

     i.    The identity of the persons known or believed to have possession, custody or access to the documents.

5. The word "document" shall mean any written, printed, typed or other graphic matter of any kind or nature, including but not limited to agreements, notes, memoranda, agendas, calendar entries, correspondence and financial records, and all mechanical and electronic sound recordings or transcripts thereof in the possession and/or control of Safeco or agents of Safeco or known by Safeco to exist.

6. Where appropriate, the singular means the plural and the plural means the singular.

## **INTERROGATORIES**

INTERROGATORY NO. 1:  State the amount of your net worth, gross assets, and your net income or loss for each of the last five (5) fiscal years.

    **ANSWER**:



INTERROGATORY NO. 2:  Identify by name, address, telephone number, and job title or capacity the individual(s) answering these Interrogatories, specifying to which interrogatories each person has provided information.

    **ANSWER**:



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

INTERROGATORY NO. 3:  Identify by name, residence and business address, and residence and business telephone number each and every agent, representative, contractor and/or employee of Safeco who performed any work or was in any manner involved in the handling of the claim of Brandon and Hayley Woodrum, under Policy No. OK6722650 which was issued to Brandon and Hayley Woodrum by Safeco.

  **ANSWER**:


INTERROGATORY NO. 4:  For each such individual identified in Answer to Interrogatory No. 3 above, describe with specificity each and every activity undertaken by each individual in regard to the handling of the claim of Brandon and Hayley Woodrum; indicate the dates upon which each activity was performed; describe in detail whether any documents exist which would evidence the fact that such activities were performed by the individual(s) identified; and if such documents do exist, describe those documents in detail by identifying the author of the document, to whom the document was sent, the date of the document and a brief description of the contents of each document.

  **ANSWER**:


INTERROGATORY NO. 5:  State specifically the dollar amount of the authority possessed by all individuals involved in the handling of Brandon and Hayley


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

Woodrum's claim under Policy No. OK6722650, specifying what dollar amount each individual had authority to offer to claimant without obtaining prior approval from any other individuals at Safeco.

**ANSWER**:


**INTERROGATORY NO. 6**:  What was the amount of the reserve first established regarding the claims Brandon and Hayley Woodrum asserted regarding Policy No. OK6722650, and when was the reserve first established?

**ANSWER**:


**INTERROGATORY NO. 7**:  Identify by name, residence and business address and residence and business telephone number, each and every agent, representative and/or employee of Safeco who participated in the decision regarding the level at which the reserve should be established and state specifically the reasons and rationale relied on in support of the decision to set the reserve at the level where it was first established and describe in detail any and all documents which might exist which would indicate the amount of the reserve established; when it was established; who established the reserve; and the reasons and rationale relied upon in support of the establishment of the reserve.

**ANSWER**:



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

INTERROGATORY NO. 8: Was the reserve that was originally established as referenced in response to Interrogatory No. 7 above, ever changed? If so, identify when the reserve was changed; how it was changed, i.e. - lower or higher and to what amount; who participated in the decision to make the change; and describe in detail why the change was made. Furthermore, if any such changes were made, describe in detail any and all documents that might exist which would establish first, that a change was made; and second, the reasons and rationale relied upon by Safeco for making such a change.

**ANSWER**:

INTERROGATORY NO. 9: Did Safeco offer to pay any amount to Brandon and Hayley Woodrum for their claims under Policy No. OK6722650? If so, state the date Safeco first offered to pay any amount to Brandon and Hayley Woodrum and state the amount offered; identify by name, residence and business address and residence and business telephone number, the Safeco agent, representative and/or employee who extended the offer; and identify by name, residence and business address and residence and business telephone number, all individuals involved in the decision regarding the timing of the offer and the amount of the offer.

**ANSWER**:

INTERROGATORY NO. 10: State each and every date on which the offer initially made to Brandon and Hayley Woodrum, if any, as referenced in your Answer to Interrogatory No. 9 above, was changed and identify the date on which each change


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

occurred; specify the details of each change, i.e. whether it was increased, decreased and by how much; identify by name, residence and business address and residence and business telephone number, the Safeco agent, representative and/or employee who communicated the change to Brandon and Hayley Woodrum; and identify by name, residence and business address and residence and business telephone number, all Safeco agents, representatives and/or employees involved in the decision to make each such change and specify in detail all reasons and rationale relied upon by Safeco in support of each such change.

**ANSWER**:


INTERROGATORY NO. 11: Has Safeco ever been sued for bad faith insurance practices in the State of West Virginia in the past ten (10) years and/or if not actually sued, has Safeco ever had an informal complaint or grievance made against it alleging bad faith insurance practices in the State of West Virginia in the past ten (10) years relating to homeowner's insurance claims stemming from storm and/or property damage?  If so, for each suit and/or informal complaint or grievance provide the following information:

        a.      If suit was filed, provide the case caption and identify the Court in which the suit was filed and provide the names, addresses and telephone numbers of the attorneys representing the parties in each such suit and the names and addresses of the parties to each such suit; and

        b.      If suit was not filed but an informal complaint and/or grievance was merely received, identify by name, address and telephone number, the individual filing each informal complaint or grievance and describe with particularity how each such complaint and/or grievance was resolved.

**ANSWER**:


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

8

<u>INTERROGATORY NO. 12</u>:  Did all of your agents, employees, and representatives follow your normal or usual procedure with respect to the handling, adjusting and defense of the claims of Brandon and Hayley Woodrum?  If not, identify each deviation from the normal or usual procedure and identify any writing, document, or statement to support your contention.

    **ANSWER**:


<u>INTERROGATORY NO. 13</u>: Provide the full name, last known residence and business address and last known residence and business telephone number of each and every individual employed by Safeco as a claims adjuster responsible for homeowner's claims resulting from severe storms in West Virginia from 2019 to the present.  For each such individual identified, state whether such individual is still employed with Safeco and if so, in what capacity.

    **ANSWER**:


<u>INTERROGATORY NO. 14</u>:  Please state the training of all claims personnel involved in the handling of Brandon and Hayley Woodrum's claim, including for each:

    a.    Job qualifications for each level of claims personnel, including entry level qualifications;

    b.    Education;

    c.    On-the-job training; and



KATZ, KANTOR, STONESTREET & BUCKNER, PLLC
*ATTORNEYS AT LAW*

9

        d.      Special courses in property or law.

**ANSWER**:

INTERROGATORY NO. 15:  Provide the name, residence and business address and residence and business telephone number of each individual you intend to call as an expert witness at the trial of this matter.

     **ANSWER**:

INTERROGATORY NO. 16:  For each expert identified in response to the preceding Interrogatory, state the subject matter on which each expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify and provide a summary of the grounds for each opinion.

     **ANSWER**:

INTERROGATORY NO. 17:  With respect to all witnesses whom you expect to call to give opinion testimony pursuant to Rule 701 of the West Virginia Rules of Evidence at the trial of this matter, state the following:

        a.      The name and address of each such witness; and

        b       A summary of the opinions you anticipate eliciting from each such witness and all facts relied upon by the witness for each opinion to be offered.

     **ANSWER**:



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

INTERROGATORY NO. 18:   Does Safeco contend that Brandon and Hayley Woodrum, or anyone on their behalf or associated with them, committed any act or omission which hampered, obstructed or delayed Safeco's investigation of the claims regarding Policy No. OK6722650?   If your answer is anything other than an unequivocal "no," describe with specificity the act or omission, including its date and who it was performed or omitted by, as well as how it impacted Safeco's investigation.

**ANSWER:**

INTERROGATORY NO. 19:  Please describe in detail Safeco's investigation into the facts surrounding the claims brought by Plaintiffs under Policy No. OK6722650 including what actions were taken by which Safeco employees and when, to determine whether or not payment would be made with respect to the April 02, 2024 loss.

**ANSWER:**

INTERROGATORY NO. 20:   Please describe in detail the factual bases behind Safeco's failure to pay the entirety Brandon and Hayley Woodrum's claim stemming from the April 02, 2024 storm.

**ANSWER:**



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

<u>INTERROGATORY NO. 21</u>: Did you deny any of the Plaintiffs' Requests for Admissions below? If your answer is "yes", for each Request for Admission denied, state:

        a.   Each and every fact upon which you rely in support of said denial; and

        b.   The name, business address, business telephone number, residence address, and residence telephone number of each and every individual you will call as a witness at trial to testify in regard to the facts identified to subparagraph (a) above.

      **ANSWER:**

<u>INTERROGATORY NO. 22</u>: Did you respond to any of the Plaintiffs' Requests for Admission below by contending that you had insufficient information or knowledge to allow you to admit or deny the request? If your answer is "yes," state the following:

        a.   Each and every piece of information you believe you need in order to allow you to admit or deny each request to which you responded by alleging a lack of insufficient information or knowledge; and

        b.   What steps or efforts you undertook to obtain the information you believe you need in order to admit or deny each request to which you responded that you had insufficient information or knowledge.

      **ANSWER:**

<u>INTERROGATORY NO. 23</u>: Please identify by name, address and job title the individual who will be serving as your designated representative at trial in this civil action.



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

**ANSWER**:


INTERROGATORY NO. 24: Did Safeco or any agent, employee or representative of Safeco conduct any surveillance or investigative activity with respect to Brandon and Hayley Woodrum. If so, provide the name, telephone number and address of each such person or entity and describe in detail the investigative activity performed as well as the date the same occurred.

**ANSWER**:


## REQUESTS FOR ADMISSION

REQUEST NO.:     Admit that Brandon and Haley Woodrum had a policy with Safeco that was in full force and effect on April 2, 2024.

**RESPONSE:**


REQUEST NO.:     Admit that Brandon and Haley Woodrum's policy with Safeco provided dwelling coverage limits of $453,700, personal property loss limits of $226,850, other structure limits of $90,740.00.

**RESPONSE:**


REQUEST NO.:     Admit that Safeco was contacted on April 2, 2024 by Brandon Woodrum and reported the claim.


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
ATTORNEYS AT LAW

**RESPONSE:**

REQUEST NO. 1:    Admit that Safeco conducted an on-site inspection of Brandon and Haley Woodrum's property on or about April 8, 2024.

    **RESPONSE:**

REQUEST NO. 2:    Admit that on April 17, 2024 a payment of $5,585.21 was made to Brandon and Hayley Woodrum

    **REPSONSE:**

REQUEST NO. 3:    Admit that on April 8, 2024 the inspection that was conducted by Safeco totaled $6,904.19.

    **RESPONSE:**

REQUEST NO. 4:    Admit that on or about April 23, 2024 a second inspection by a Safeco adjuster occurred.

    **RESPONSE:**

REQUEST NO. 5:    Admit that  on or about May 7, 2024 a second payment of $7,402.86 was made to Brandon and Hayley Woodrum.

    **RESPONSE:**

REQUEST NO. 6:    Admit  the second inspection that occurred on April 23, 2024 by Safeco totaled $16,725.91

    **RESPONSE:**

REQUEST NO. 7:    Admit a payment was made to Brandon and Hayley Woodrum in the amount of $1,959.00 making the total amount of Safeco's payments for this claim $14,974.16.



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

**RESPONSE:**

REQUEST NO. 8:    Admit that the total amount Safeco paid for the Plaintiff's claim was $13,350.84 less than the total costs of repairs and replacement of personal property provided by Calendar Construction on behalf of the Plaintiffs to Safeco.

**RESPONSE:**

REQUEST NO. 8:    Admit that Safeco violated the West Virginia Unfair Trade Practices Act in the handling of Brandon and Hayley Woodrum' claim under Policy No. OK6722650.

**RESPONSE:**

REQUEST NO.8 :    Admit that Safeco breached its duty of good faith and fair dealing that it owed to Brandon and Hayley Woodrum with respect to their claim under Policy No. OK6722650.

**RESPONSE:**

REQUEST NO. 9:    Admit that Safeco breached its contract of insurance with Brandon and Hayley Woodrum by refusing to pay the benefits they were entitled as a result of the April 02, 2024 loss pursuant to Safeco Policy No. OK6722650.

**RESPONSE:**


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
ATTORNEYS AT LAW

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

<u>REQUEST NO. 1</u>:    Please produce the entire claim file relative to the claims of Brandon and Hayley Woodrum arising out of the claim regarding Policy No. OK6722650 including but not limited to:

a.    All correspondence between Safeco, its agents, adjusters or employees, and Brandon and Hayley Woodrum, or counsel for Brandon and Hayley Woodrum;

b.    All documents relating to valuation by Safeco, its agents, adjusters or employees of the claims of Brandon and Hayley Woodrum;

c.    All reports, memoranda, records or papers, etc., relative to your investigation surrounding the April 02, 2024 loss and the claims submitted pursuant to Policy No. OK6722650;

d.    All documents which would evidence your attempts with either the Plaintiffs, or their attorneys, representatives or any other person acting on behalf of the Plaintiffs, of resolving, settling, or adjusting the underlying claim;

e.    All documents which would evidence any recommendation made by either legal counsel for Safeco, or any individual in a supervisory position to the adjuster as to the amount that should be offered in an attempt to settle, resolve or adjust Brandon and Hayley Woodrum' claim;

f.    All time sheets, phone logs, memoranda, and any document which would evidence what amount of time was expended in attempting to resolve the underlying claim and what efforts were taken by Safeco to resolve or adjust Brandon and Hayley Woodrum' claim; and

g.    All electronic files regarding the claim of Brandon and Hayley Woodrum and/or that were in any way utilized and/or relied upon in the handling of their claim.

<u>**RESPONSE**</u>:



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
ATTORNEYS AT LAW

REQUEST NO. 2:　　Produce any and all documentation in your possession regarding the claims of Brandon and Hayley Woodrum arising out of the claim related to the April 02, 2024 storm and loss even if such documents were not part of the claim file.

**RESPONSE**:


REQUEST NO. 3:　　Produce copies of any and all claims manuals, memoranda, policy statements, interoffice or interdepartmental correspondence, letters or other writings or documents or other tangible items which would reflect the policies and procedures of Safeco, relative to the appropriate manner in which homeowner's claims involving storm should be investigated, adjusted, settled and compromised and which materials were being utilized by Safeco from 2013 to the present.

**RESPONSE**:


REQUEST NO. 4:　　Produce the five (5) most recent financial statements and profit and loss or operating statements of Defendant.

**RESPONSE**:


REQUEST NO. 5:　　Produce any and all records including documents, charts, logs, graphs, summaries or other materials or tangible things maintained by the Defendant, Safeco, which records, documents, charts, logs, graphs, summaries or other material or tangible things relate to grievances and/or formal complaints and/or informal complaints filed and/or asserted by claimants and/or policyholders against Safeco



KATZ, KANTOR, STONESTREET & BUCKNER, PLLC
ATTORNEYS AT LAW

resulting from its handling of homeowner's insurance claims involving storm in the past

ten (10) years, including, but not limited to, the following:

    a.   Copies of all records and materials generated by or provided to Safeco in connection with each such formal complaint, informal complaint or grievance;

    b.   Copies of each such complaint and/or grievance filed;

    c.   Copies of all documents evidencing Safeco's response to each such grievance and/or complaint; and

    d.   Copies of any and all documents or other materials summarizing and/or describing the resolution of each such complaint or grievance.

**RESPONSE**:


REQUEST NO. 6:    Produce copies of any and all videotapes and/or photographs regarding the claim of Brandon and Hayley Woodrum, which have been taken at any time by Safeco or representatives of Safeco, or that have been in the possession of Safeco, or are in the possession of Safeco.

**RESPONSE**:


REQUEST NO. 7:    Produce any and all documents identified in your Answer to Interrogatory No. 4.

**RESPONSE**:


REQUEST NO. 8:    Attach all documents relevant to the conduct or omissions described in your Answer to Interrogatory 18.


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
ATTORNEYS AT LAW

18

**RESPONSE:**

<u>REQUEST NO. 9</u>:    Produce a copy of the insurance policy that was in effect at the time of the April 02, 2024 loss.

**RESPONSE:**

<u>REQUEST NO. 10</u>:    Please provide the complete personnel files of all employees and/or representatives of this Defendant who in any way handled, adjusted and/or supervised the claim of the Plaintiffs.

**RESPONSE:**

<u>REQUEST NO. 11</u>:    Please produce all documents which in any way reflect the criteria utilized by Safeco or any of its affiliates for determining whether a goal-sharing award, bonus, or other compensation over and above an individual's salary would be paid to employees and the amounts of the compensation paid to its different categories of employees from 2013 to present.

**RESPONSE:**

<u>REQUEST NO. 12</u>:    Please produce all documents which in any way reflect the results or performance of Safeco under the criteria utilized for determining whether goal-sharing awards, bonuses, or other compensation over and above an individual's salary would be paid to employees from 2015 to the present and the criteria used for determining the amount of those awards.



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

**RESPONSE:**

REQUEST NO. 13:    Please produce all information or documentation in your possession that reflects targets or goals for average settlement amounts for homeowner's claims from 2015 through the present.

    **RESPONSE:**

REQUEST NO. 14:    Please produce all information or documentation in your possession that reflects the actual results for average settlement amounts for homeowner's insurance claims from 2015 through the present.

    **RESPONSE:**

REQUEST NO. 15:    Please produce all information or documentation in your possession regarding criteria used for evaluating the performance of your employees handling homeowner's insurance claims involving theft from 2015 through the present, including, but not limited to, your adjusters, managers, casualty directors, and attorneys.

    **RESPONSE:**

REQUEST NO. 16:    Please produce copies of all documents identified or referred to in your Answer to Interrogatory No. 20.

    **RESPONSE:**



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

REQUEST NO. 17:    Please produce all information or documentation in your possession regarding the number of homeowner's insurance claims resulting from storm that have been paid by your company from 2015 through the present.

**RESPONSE:**

REQUEST NO. 18:    Please produce all information or documentation in your possession regarding the investigation into the April 02, 2024 storm by any West Virginia local or State agency or official, including any and all reports generated by a local or State agency or official.

**RESPONSE**:

REQUEST NO. 19:    Please produce all information or documentation in your possession relating to your Answer to Interrogatory No. 22 or relied upon in responding to Interrogatory No. 22.

**RESPONSE**:

REQUEST NO. 20:    Please produce the application for homeowner's insurance completed by Brandon and Hayley Woodrum in February 2023.

**RESPONSE**:


KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

REQUEST NO. 21:   Please produce any and all documentation, electronic or otherwise, between Capital Insurance Group, LLC. and Safeco relating to Brandon and Hayley Woodrum or Policy No. OK6722650.

**RESPONSE:**


REQUEST NO. 22:   Please produce any and all statements, transcriptions of statements or audio recordings of statements taken by Defendant or obtained by Defendant relating to the April 02, 2024 loss or Brandon and Hayley Woodrum' claims.

**RESPONSE**:


REQUEST NO. 23:   Please produce any and all documentation, electronic or otherwise, that you relied on in answering Interrogatory No. 24.

**RESPONSE**:


Brandon and Hayley Woodrum, Plaintiffs,


by:   **/s/ Eric J. Buckner**
Eric J. Buckner, Esq. (#9578)
Daniel J. Burns, Esq. (#11866)
Katz, Kantor, Stonestreet &
Buckner, PLLC
206 South Walker Street
Princeton, WV  24740
(304) 431-4050
ebuckner@kksblaw.com
dburns@kksblaw.com

*Counsel for Plaintiffs*



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BRANDON AND HAYLEY WOODRUM,

       Plaintiff,

vs.                                        CC-20-2024-C-1419

Webster                                    Judge Carrie

SAFECO INSURANCE COMPANY,

       Defendant.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SAFECO INSURANCE

       I, Eric J. Buckner, counsel for Plaintiff, do hereby certify that I served a true and correct copy of the foregoing **"PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SAFECO INSURANCE."** through service upon the following by United States First Class Mail, postage pre-paid, this 26th of February, 2025.

      Safeco Insurance
      C/O Corporation Service Company
      209 West Washington St.,
      Charleston WV 25302

                                    /s/ *Eric J. Buckner*
                                    Eric J. Buckner (W.Va. Bar No. 9578)



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
*ATTORNEYS AT LAW*

Katz, Kantor, Stonestreet &
Buckner, PLLC
207 South Walker St.
Princeton, WV 24740
(304) 431-4050

KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
ATTORNEYS AT LAW



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC

*Attorneys at Law*

Eric J. Buckner*
Jennifer Dempsey Meeteer
Daniel J. Burns
LeRoy H. Katz (1917–1994)
Norris Kantor, of Counsel
Wayne S. Stonestreet, of Counsel
Wayne L. Evans, of Counsel

E-FILED | 3/6/2025 4:15 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

Princeton, WV 24740

TELEPHONE: (304) 431-4050
                    (304) 999-HURT
TOLL FREE: 800-637-3551
FACSIMILE: (304) 431-4060

**\*Licensed in WV and VA**

March 6, 2025

Circuit Court of Kanawha County
111 Court Street
Charleston, WV  25301

**RE:    Brandon and Hayley Woodrum v. Safeco Insurance Company**
**       *Civil Action No.: CC-20-2024-C-1419***

Please re-issue **another summons** of the original complaint, for the above referenced matter to:

**Safeco Insurance**
**C/O Corporation Service Company**
**808 Greenbrier St.**
**Charleston, WV 25311**

Thank you for your assistance in this matter.

Very truly yours,

*Latisha Thompson*

Latisha Thompson, Legal Assistant

E-FILED | 5/19/2025 2:32 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF  KANAWHA COUNTY, WEST VIRGINIA

BRANDON AND HAYLEY WOODRUM,

       Plaintiff,

vs.                                     CIVIL ACTION NO. 2024-C-1419

SAFECO INSURANCE COMPANY
SAFECO INSURANCE COMPANY OF AMERICA COMPANY,

       Defendant.

## **AMENDED COMPLAINT**

Comes now Plaintiffs Brandon and Hayley Woodrum, who for their Amended Complaint against Safeco Insurance Company of America states as follows:

1. Plaintiffs, Brandon and Hayley Woodrum, at all times material and relevant herein, are residents of Kanawha County, West Virginia.

2. Defendant Safeco Insurance Company of America (hereinafter referred to as "Safeco") is an insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business being 175 Berkeley Street, Boston, Massachusetts, 02116. Safeco is engaged in the business of providing insurance-related services including providing residential insurance to consumers.  Safeco is authorized to and does, in fact, issue policies of insurance in West Virginia. Safeco may be served with process at Corporation Service Company, 808 Greenbrier St., Charleston, West Virginia 25311.

3. The Plaintiffs had an insurance policy with Defendant Safeco which was in full force and effect on April 2, 2024.

4. Safeco issued a homeowner's insurance policy to the Plaintiffs bearing policy

1

number OK6722650. This policy provided dwelling coverage limits of $453,700.00, personal property loss limits of $226,850, other structures coverage limits of $45,370.00 and additional living expense coverage with limits of $90,740.00. The policy is not attached since it is already in the possession of the defendants.

5. In the morning hours just before noon on April 2, 2024, a severe storm with winds reaching upwards of 90 miles per hour moved through Charleston, West Virginia causing significant damage to homes and buildings throughout the area.

6. As a result of the subject storm, Plaintiffs' roof and fascia was severely damaged in multiple areas to the point of leaking into the interior of their home. The storm also damaged their attached decking and railing. Finally, some of Plaintiffs' personal property was damaged and/or destroyed as a result of the storm as well as a tree falling on their property.

7. Immediately following the April 2, 2024 storm, Plaintiffs contracted with a local construction company, Calendar Construction, to place emergency tarps over the damage to Plaintiffs' roof. This was done to avoid any further water intrusion and damage in an effort to mitigate any further damages.

8. On the day of the incident, Plaintiff Brandon Woodrum contacted and reported the claim to his Safeco broker, Don Wilson. When his local broker could not be reached, Plaintiff Brandon Woodrum contacted Safeco directly and filed his claim.

9. On or about April 5, 2024, Calendar Construction completed an estimate for the repairs to the Plaintiffs' storm-related damage. This included, but was not

2

limited to, the roof, fascia, deck, trees, and the other personal property of the Plaintiffs. Calendar Construction advised, as to the roof, that a complete replacement was needed to prevent additional damage and imminent interior leaks, noting that the home's integrity was compromised. The estimate from Calendar Construction was $28,325, which included replacement of personal property.

10. A representative for Safeco conducted an on-site inspection of the subject property on or about April 8, 2024. This adjuster generated an estimate from an inspection that lasted no more than twenty (20) minutes. During this time, Plaintiff Brandon Woodrum had to show the adjuster areas of obvious damage, such as the destroyed decking. The on-site adjuster reportedly admitted that he did not observe the damage indicated by the Plaintiff to the deck.

11. The initial estimate from the April 8, 2024, inspection totaled $6,904.19. However, the same did not include a reference to or mention of water damages to the Plaintiff's home, removal of a large tree in Plaintiffs' backyard, damaged patio furniture or damage to a custom-built child's playset.

12. Based upon this initial estimate by Safeco, an initial payment of $5,585.21 was made on or about April 17, 2024.

13. Given the nature of the damages and the unreasonable estimate provided Safeco, Plaintiffs were forced to retain counsel.

14. A second inspection of the residence and property by a Safeco adjuster occurred on or about April 23, 2024. This inspection, which lasted approximately fifteen (15) minutes, was limited to photographs being taken, Plaintiff Brandon

3

Woodrum showing the adjuster storm-related water spots, and the adjuster questioning why the Plaintiffs moved forward with the roof replacement with the Plaintiffs' contractor. Specifically, the Safeco adjuster questioned the materials used by the contractor, which were incorrectly identified by the adjuster.

15. Following this second inspection, a second payment of $7,402.86 was made to the Plaintiffs on or about May 7, 2024.

16. Another estimate was prepared by Safeco for the repair to the Plaintiffs' residence and replacement of certain personal property. This estimate, unlike the previous one, addressed the roof, deck and railing, tree removal, and replacement of personal property. The total for this second estimate was $16,725.91.

17. Following the second estimate, Safeco issued a final payment to the Plaintiffs in the approximate amount of $1,959.00, which brought the total payments for the claim to $14,974.16. This amount was slightly half of the total costs of repairs and replacement provided by Calendar Construction on behalf of the Plaintiffs to Safeco.

18. Since June 2024, there have been no additional payments and no additional discussions with Safeco regarding the Plaintiffs' claims.

19. Due to the failure of the defendants to timely, fairly, and appropriately handle the claim, the Plaintiffs were forced to hire an attorney.

20. Safeco has failed to timely or appropriately respond to Plaintiffs' requests for full payment for the repair and replacement costs associated with the subject

4

storm damage.

21.    As a result of defendants' actions, Plaintiffs have been forced to file a lawsuit to recover the benefits owed to them under their policy.

22.    As a result of its failure to pay the benefits owed under the policy, Safeco have breached the insurance contract.

23.    Implied in the policy of insurance issued by defendant, Safeco, was a covenant requiring Safeco to adjust, evaluate, and negotiate the Plaintiffs' claim fairly and in good faith.

24.    The defendant, Safeco, breached the implied covenant of good faith and fair dealing in connection with its handling of Plaintiffs' residential dwelling and personal property loss claim.

25.    The defendant, Safeco, by and through its agents, representatives and employees, has failed to undertake reasonable efforts to investigate, negotiate and adjust the Plaintiffs' dwelling and personal property claim.

26.    The defendant, Safeco, by and through its agents, representatives and employees, has failed to reasonably and timely pay the dwelling and personal property claim due and owing to the Plaintiffs under its policy.

27.    The foregoing conduct by the defendant, Safeco, has constituted and continues to constitute a breach of the implied covenant of good faith and fair dealing.

28.    As a result of Safeco's breach, the Plaintiffs has been forced to incur expenses and costs, including attorneys' fees, to pursue their claim for residential dwelling and personal property losses to which they are entitled.

29.    As a further result of Safeco's breach, the Plaintiffs have experienced, and continues to experience, inconvenience, aggravation, annoyance, anxiety and/or other mental and emotional distress.

30.    Safeco intentionally and/or with a conscious disregard for the rights of its insured, have failed to fulfill the obligations created by the implied covenant of good faith and fair dealing inherent in the policy of insurance referenced in paragraph 4 above.

31.    Safeco's failure to timely evaluate, adjust and pay the Plaintiffs' residential dwelling and personal property loss claim, is illegitimate, intentional, without basis in law or fact and done with a malicious and/or conscious disregard for the rights of the Plaintiffs.

32.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claims, have violated and continue to violate multiple provisions of Title 114, Series 14 of the Legislative Rules of the Insurance Commissioner of the State of West Virginia.

33.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' residential claims, have violated and continues to violate W. Va. Code §33-11-4(9) in at least the following particulars:

a.    Failing to adopt and implement reasonable standards for the prompt and proper investigation of claims arising under insurance policies;

6

b.      Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiff's claims when liability had become clear;

c.      Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

d.      Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e.       Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

f.      Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g.      Compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less or no amounts than the amounts ultimately recovered in actions brought by the insureds, when the insured have made claims for amounts reasonably similar to the amounts ultimately recovered; and

h.      Failing to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

34.      The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claim, was and continue to be committed and/or performed with such frequency as to indicate a general business practice.

35.     The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claims have been intentional, willful and outrageous in character and have been done in bad faith and/or with a conscious disregard of the Plaintiffs' rights.

36.     The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, caused the Plaintiffs to sustain severe emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation and other general damages, some of which are reasonably certain to continue into the future.

37.     The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, have caused the Plaintiffs to incur substantial costs, expenses and attorneys' fees.

38.     The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, have been so outrageous that the Plaintiffs are entitled to recover punitive damages from the defendants in order to punish them and to deter the defendants, and other insurance companies, from engaging in similar conduct in the future.

WHEREFORE, Plaintiffs demand judgment over and against Defendants for an amount within the jurisdiction of this Court for compensatory damages, general damages, as well as punitive damages, and for the costs incurred in pursuing this action for which they are entitled by law and for such other relief as this Court deems proper including, but not limited to, all reasonable attorneys' fees, expenses and costs incurred in pursuit of this claim, as well as pre-judgment interests on all amounts until such monies are fully tendered.

8

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

Brandon and Hayley Woodrum, Plaintiffs,

by:    **_/s/_ Eric J. Buckner_____**
Eric J. Buckner, Esq. (#9578)
Daniel J. Burns, Esq. (#11866)
Katz, Kantor, Stonestreet &
Buckner, PLLC
206 South Walker Street
Princeton, WV  24740
(304) 431-4050
ebuckner@kksblaw.com
dburns@kksblaw.com

*Counsel for Plaintiffs*

FILED 3/19/2025 9:32 AM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E,
Charleston, WV 25305



**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF KANAWHA COUNTY CIRCUIT COURT
PO BOX 2351
Charleston, WV 25328-2351

| | |
|---|---|
| **Control Number:** 337822 | **Agent:** Corporation Service Company |
| **Defendant:** SAFECO INSURANCE COMPANY OF AMERICA 808 GREENBRIER STREET Charleston, WV 25311 US | **County:** Kanawha |
| | **Civil Action:** 24-C-1419 |
| | **Certified Number:** 92148901125134100004109900 |
| | **Service Date:** 3/17/2025 |

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 3/11/2025 2:52 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Brandon Woodrum v. Safeco Insurance

Service Type:    Filer - Secretary of State

NOTICE TO:    Safeco Insurance Company of America, C/o Corporation Serivce Company, 808 Greenbrier St., Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Eric Buckner, 206 S WALKER ST, , PRINCETON, WV 24740

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 3/11/2025 2:52:18 PM | /s/ Cathy S. Gatson |
| --- | --- |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____ , someone who is (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |



West Virginia E-Filing Notice

CC-20-2024-C-1419

Judge: Carrie Webster

**To:**   Daniel James Burns
dburns@kksblaw.com

---

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Brandon Woodrum v. Safeco Insurance
CC-20-2024-C-1419

The following amended complaint was FILED on 3/11/2025 2:52:18 PM

Notice Date:      3/11/2025 2:52:18 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

# COVER SHEET

E-FILED | 3/11/2025 2:52 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA

**Brandon Woodrum v. Safeco Insurance**

**First Plaintiff:**   ☐ Business   ☑ Individual        **First Defendant:**   ☑ Business   ☐ Individual
☐ Government   ☐ Other                                              ☐ Government   ☐ Other

**Judge:**   Carrie Webster

## COMPLAINT INFORMATION

**Case Type:**  Civil                          **Complaint Type:**  Other

**Origin:**        ☑ Initial Filing        ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**   ☑ Yes   ☐ No        **Case will be ready for trial by:**  12/29/2025

**Mediation Requested:**   ☑ Yes   ☐ No

**Substantial Hardship Requested:**  ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   Eric Buckner, 206 S WALKER ST , PRINCETON, WV 24740

# SERVED PARTIES

**Name:** Safeco Insurance

**Address:** c/0 Corporation Service Company 209 West Washington St., Charleston WV 25302

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:** Safeco Insurance Company of America

**Address:** C/o Corporation Serivce Company 808 Greenbrier St., Charleston WV 25311

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

E-FILED | 3/11/2025 2:52 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BRANDON AND HAYLEY WOODRUM,

        Plaintiff,

vs.                          CIVIL ACTION NO. 2024-C-1419

SAFECO INSURANCE COMPANY
SAFECO INSURANCE COMPANY OF AMERICA COMPANY,

        Defendant.

## <u>AMENDED COMPLAINT</u>

Comes now Plaintiffs Brandon and Hayley Woodrum, who for their Amended Complaint against Safeco Insurance Company of America states as follows:

1.      Plaintiffs, Brandon and Hayley Woodrum, at all times material and relevant herein, are residents of Kanawha County, West Virginia.

2.      Defendant Safeco Insurance Company of America (hereinafter referred to as "Safeco") is an insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business being 175 Berkeley Street, Boston, Massachusetts, 02116. Safeco is engaged in the business of providing insurance-related services including providing residential insurance to consumers. Safeco is authorized to and does, in fact, issue policies of insurance in West Virginia. Safeco may be served with process at Corporation Service Company, 808 Greenbrier St., Charleston, West Virginia 25311.

3.      The Plaintiffs had an insurance policy with Defendant Safeco which was in full force and effect on April 2, 2024.

4.      Safeco issued a homeowner's insurance policy to the Plaintiffs bearing policy

1

number OK6722650. This policy provided dwelling coverage limits of $453,700.00, personal property loss limits of $226,850, other structures coverage limits of $45,370.00 and additional living expense coverage with limits of $90,740.00. The policy is not attached since it is already in the possession of the defendants.

5. In the morning hours just before noon on April 2, 2024, a severe storm with winds reaching upwards of 90 miles per hour moved through Charleston, West Virginia causing significant damage to homes and buildings throughout the area.

6. As a result of the subject storm, Plaintiffs' roof and fascia was severely damaged in multiple areas to the point of leaking into the interior of their home. The storm also damaged their attached decking and railing. Finally, some of Plaintiffs' personal property was damaged and/or destroyed as a result of the storm as well as a tree falling on their property.

7. Immediately following the April 2, 2024 storm, Plaintiffs contracted with a local construction company, Calendar Construction, to place emergency tarps over the damage to Plaintiffs' roof. This was done to avoid any further water intrusion and damage in an effort to mitigate any further damages.

8. On the day of the incident, Plaintiff Brandon Woodrum contacted and reported the claim to his Safeco broker, Don Wilson. When his local broker could not be reached, Plaintiff Brandon Woodrum contacted Safeco directly and filed his claim.

9. On or about April 5, 2024, Calendar Construction completed an estimate for the repairs to the Plaintiffs' storm-related damage. This included, but was not

2

limited to, the roof, fascia, deck, trees, and the other personal property of the Plaintiffs. Calendar Construction advised, as to the roof, that a complete replacement was needed to prevent additional damage and imminent interior leaks, noting that the home's integrity was compromised. The estimate from Calendar Construction was $28,325, which included replacement of personal property.

10. A representative for Safeco conducted an on-site inspection of the subject property on or about April 8, 2024. This adjuster generated an estimate from an inspection that lasted no more than twenty (20) minutes. During this time, Plaintiff Brandon Woodrum had to show the adjuster areas of obvious damage, such as the destroyed decking. The on-site adjuster reportedly admitted that he did not observe the damage indicated by the Plaintiff to the deck.

11. The initial estimate from the April 8, 2024, inspection totaled $6,904.19. However, the same did not include a reference to or mention of water damages to the Plaintiff's home, removal of a large tree in Plaintiffs' backyard, damaged patio furniture or damage to a custom-built child's playset.

12. Based upon this initial estimate by Safeco, an initial payment of $5,585.21 was made on or about April 17, 2024.

13. Given the nature of the damages and the unreasonable estimate provided Safeco, Plaintiffs were forced to retain counsel.

14. A second inspection of the residence and property by a Safeco adjuster occurred on or about April 23, 2024. This inspection, which lasted approximately fifteen (15) minutes, was limited to photographs being taken, Plaintiff Brandon

3

Woodrum showing the adjuster storm-related water spots, and the adjuster questioning why the Plaintiffs moved forward with the roof replacement with the Plaintiffs' contractor. Specifically, the Safeco adjuster questioned the materials used by the contractor, which were incorrectly identified by the adjuster.

15.     Following this second inspection, a second payment of $7,402.86 was made to the Plaintiffs on or about May 7, 2024.

16.     Another estimate was prepared by Safeco for the repair to the Plaintiffs' residence and replacement of certain personal property. This estimate, unlike the previous one, addressed the roof, deck and railing, tree removal, and replacement of personal property. The total for this second estimate was $16,725.91.

17.     Following the second estimate, Safeco issued a final payment to the Plaintiffs in the approximate amount of $1,959.00, which brought the total payments for the claim to $14,974.16. This amount was slightly half of the total costs of repairs and replacement provided by Calendar Construction on behalf of the Plaintiffs to Safeco.

18.     Since June 2024, there have been no additional payments and no additional discussions with Safeco regarding the Plaintiffs' claims.

19.     Due to the failure of the defendants to timely, fairly, and appropriately handle the claim, the Plaintiffs were forced to hire an attorney.

20.     Safeco has failed to timely or appropriately respond to Plaintiffs' requests for full payment for the repair and replacement costs associated with the subject

4

storm damage.

21.    As a result of defendants' actions, Plaintiffs have been forced to file a lawsuit to recover the benefits owed to them under their policy.

22.    As a result of its failure to pay the benefits owed under the policy, Safeco have breached the insurance contract.

23.    Implied in the policy of insurance issued by defendant, Safeco, was a covenant requiring Safeco to adjust, evaluate, and negotiate the Plaintiffs' claim fairly and in good faith.

24.    The defendant, Safeco, breached the implied covenant of good faith and fair dealing in connection with its handling of Plaintiffs' residential dwelling and personal property loss claim.

25.    The defendant, Safeco, by and through its agents, representatives and employees, has failed to undertake reasonable efforts to investigate, negotiate and adjust the Plaintiffs' dwelling and personal property claim.

26.    The defendant, Safeco, by and through its agents, representatives and employees, has failed to reasonably and timely pay the dwelling and personal property claim due and owing to the Plaintiffs under its policy.

27.    The foregoing conduct by the defendant, Safeco, has constituted and continues to constitute a breach of the implied covenant of good faith and fair dealing.

28.    As a result of Safeco's breach, the Plaintiffs has been forced to incur expenses and costs, including attorneys' fees, to pursue their claim for residential dwelling and personal property losses to which they are entitled.

29.    As a further result of Safeco's breach, the Plaintiffs have experienced, and continues to experience, inconvenience, aggravation, annoyance, anxiety and/or other mental and emotional distress.

30.    Safeco intentionally and/or with a conscious disregard for the rights of its insured, have failed to fulfill the obligations created by the implied covenant of good faith and fair dealing inherent in the policy of insurance referenced in paragraph 4 above.

31.    Safeco's failure to timely evaluate, adjust and pay the Plaintiffs' residential dwelling and personal property loss claim, is illegitimate, intentional, without basis in law or fact and done with a malicious and/or conscious disregard for the rights of the Plaintiffs.

32.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claims, have violated and continue to violate multiple provisions of Title 114, Series 14 of the Legislative Rules of the Insurance Commissioner of the State of West Virginia.

33.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' residential claims, have violated and continues to violate W. Va. Code §33-11-4(9) in at least the following particulars:

a.    Failing to adopt and implement reasonable standards for the prompt and proper investigation of claims arising under insurance policies;

6

b.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiff's claims when liability had become clear;

c.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

d.    Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e.    Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

f.    Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g.    Compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less or no amounts than the amounts ultimately recovered in actions brought by the insureds, when the insured have made claims for amounts reasonably similar to the amounts ultimately recovered; and

h.    Failing to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

34.    The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claim, was and continue to be committed and/or performed with such frequency as to indicate a general business practice.

7

35.   The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, in the handling of the Plaintiffs' claims have been intentional, willful and outrageous in character and have been done in bad faith and/or with a conscious disregard of the Plaintiffs' rights.

36.   The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, caused the Plaintiffs to sustain severe emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation and other general damages, some of which are reasonably certain to continue into the future.

37.   The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, have caused the Plaintiffs to incur substantial costs, expenses and attorneys' fees.

38.   The acts and omissions of the defendant, Safeco, by and through their agents, representatives and employees, have been so outrageous that the Plaintiffs are entitled to recover punitive damages from the defendants in order to punish them and to deter the defendants, and other insurance companies, from engaging in similar conduct in the future.

WHEREFORE, Plaintiffs demand judgment over and against Defendants for an amount within the jurisdiction of this Court for compensatory damages, general damages, as well as punitive damages, and for the costs incurred in pursuing this action for which they are entitled by law and for such other relief as this Court deems proper including, but not limited to, all reasonable attorneys' fees, expenses and costs incurred in pursuit of this claim, as well as pre-judgment interests on all amounts until such monies are fully tendered.

8

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

Brandon and Hayley Woodrum, Plaintiffs,


by:      */s/* **Eric J. Buckner**
         Eric J. Buckner, Esq. (#9578)
         Daniel J. Burns, Esq. (#11866)
         Katz, Kantor, Stonestreet &
         Buckner, PLLC
         206 South Walker Street
         Princeton, WV 24740
         (304) 431-4050
         ebuckner@kksblaw.com
         dburns@kksblaw.com

         *Counsel for Plaintiffs*

9

E-FILED | 3/11/2025 2:52 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BRANDON AND HAYLEY WOODRUM,

        Plaintiff,

vs.                        CC-20-2024-C-1419
                                 Judge Carrie Webster

SAFECO INSURANCE COMPANY &
SAFECO INSURANCE COMPANY OF AMERICA COMPANY

        Defendants.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA COMPANY

Pursuant to the provisions of Rules 33, 34 and 36 of the West Virginia Rules of Civil Procedure, the Plaintiffs, by counsel, hereby request the Defendant, Safeco Insurance Company Of America Company (hereinafter referred to as "Safeco") answer and respond separately, in writing and under oath, to the following interrogatories and requests for production and to produce the following documents and things or copies thereof. Plaintiffs also request that within forty-five (45) days after the service of these requests for admission on the Defendant or its attorney, that the Defendant specifically admit under oath or deny under oath the following facts. The Defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. If the responding party gives lack of information or knowledge as a reason for failure to admit all or part of the request for admission, the party shall state in the answer that a reasonable inquiry concerning the matter in the particular request has been made, and that the information

known or readily obtainable is insufficient to enable the party to admit the matter. Service of Safeco's answers and a true copy of each and every document or object requested may be made upon the undersigned by depositing its answers and a true copy of each and every document or object requested in the U.S. Mail, postage prepaid, to the offices of Katz, Kantor Stonestreet and Buckner, or by delivering the same at such other place as may be agreed upon by the parties, within forty-five (45) days of service of the same upon you.

<u>INSTRUCTIONS</u>

1. The below interrogatories are deemed to be continuing so as to require the filing of supplemental answers promptly in the event that Safeco or its representatives, including counsel, learn additional facts not set forth in the answers or discover that information given in response to any of the interrogatories is incorrect. Such supplemental answers may be filed from time to time, but in no event later than thirty (30) days after such further information is received.

2. Each interrogatory is to be answered separately and as completely as possible. The omission of any name, fact or other representation that such name, fact or item was not known to the Defendant, counsel or other representatives at the time of the service of the answers will be deemed controlling.

3. Each document or thing produced in response to any of the specifications herein is to be marked to indicate the specific number in response to which it is being submitted.

4. If a document or thing is withheld under any claim of privilege, identify and describe each such document or thing specifically and state with respect to each such

2

document the date, sender, recipient(s) of the original and any copies, subject matter and the basis for any claim of the privilege.

5. This request is to be continuing in nature such that all documents and things obtained, prepared or otherwise generated in the future through the completion of these proceedings are requested to be produced.

### DEFINITIONS

The following definitions shall apply throughout these interrogatories and requests:

1. The words "you" and "your" include Safeco, its present and former agents and representatives, including counsel for Safeco.

2. The word "describe" and "state" shall mean:

    (a)    Describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law;

    (b) Particularize as to:

        (i)    Time;

        (ii)    Place; and

        (iii)    Manner.

3. The word "identify" as used in connection with a person or persons means to state the name, title and present address of such person or persons.

4. The word "identify" as applied to any document means to state the following:

    a.    Its date;

    b.    The identity of its author;

    c.    The identity of its sender;

d.     The identity of the person to whom it was addressed;

e.     The identity of the recipient;

f.     The format;

g.     The title;

h.     The number of pages; and

i.     The identity of the persons known or believed to have possession, custody or access to the documents.

5. The word "document" shall mean any written, printed, typed or other graphic matter of any kind or nature, including but not limited to agreements, notes, memoranda, agendas, calendar entries, correspondence and financial records, and all mechanical and electronic sound recordings or transcripts thereof in the possession and/or control of Safeco or agents of Safeco or known by Safeco to exist.

6.     Where appropriate, the singular means the plural and the plural means the singular.

## INTERROGATORIES

INTERROGATORY NO. 1:  State the amount of your net worth, gross assets, and your net income or loss for each of the last five (5) fiscal years.

**ANSWER**:

INTERROGATORY NO. 2:  Identify by name, address, telephone number, and job title or capacity the individual(s) answering these Interrogatories, specifying to which interrogatories each person has provided information.

4

**ANSWER**:


**INTERROGATORY NO. 3**:  Identify by name, residence and business address, and residence and business telephone number each and every agent, representative, contractor and/or employee of Safeco who performed any work or was in any manner involved in the handling of the claim of Brandon and Hayley Woodrum, under Policy No. OK6722650 which was issued to Brandon and Hayley Woodrum by Safeco.

**ANSWER**:


**INTERROGATORY NO. 4**: For each such individual identified in Answer to Interrogatory No. 3 above, describe with specificity each and every activity undertaken by each individual in regard to the handling of the claim of Brandon and Hayley Woodrum; indicate the dates upon which each activity was performed; describe in detail whether any documents exist which would evidence the fact that such activities were performed by the individual(s) identified; and if such documents do exist, describe those documents in detail by identifying the author of the document, to whom the document was sent, the date of the document and a brief description of the contents of each document.

**ANSWER**:

5

INTERROGATORY NO. 5: State specifically the dollar amount of the authority possessed by all individuals involved in the handling of Brandon and Hayley Woodrum's claim under Policy No. OK6722650, specifying what dollar amount each individual had authority to offer to claimant without obtaining prior approval from any other individuals at Safeco.

**ANSWER:**

INTERROGATORY NO. 6: What was the amount of the reserve first established regarding the claims Brandon and Hayley Woodrum asserted regarding Policy No. OK6722650, and when was the reserve first established?

**ANSWER:**

INTERROGATORY NO. 7: Identify by name, residence and business address and residence and business telephone number, each and every agent, representative and/or employee of Safeco who participated in the decision regarding the level at which the reserve should be established and state specifically the reasons and rationale relied on in support of the decision to set the reserve at the level where it was first established and describe in detail any and all documents which might exist which would indicate the amount of the reserve established; when it was established; who established the reserve; and the reasons and rationale relied upon in support of the establishment of the reserve.

**ANSWER:**

INTERROGATORY NO. 8: Was the reserve that was originally established as referenced in response to Interrogatory No. 7 above, ever changed? If so, identify when the reserve was changed; how it was changed, i.e. - lower or higher and to what amount; who participated in the decision to make the change; and describe in detail why the change was made. Furthermore, if any such changes were made, describe in detail any and all documents that might exist which would establish first, that a change was made; and second, the reasons and rationale relied upon by Safeco for making such a change.

**ANSWER**:

INTERROGATORY NO. 9: Did Safeco offer to pay any amount to Brandon and Hayley Woodrum for their claims under Policy No. OK6722650? If so, state the date Safeco first offered to pay any amount to Brandon and Hayley Woodrum and state the amount offered; identify by name, residence and business address and residence and business telephone number, the Safeco agent, representative and/or employee who extended the offer; and identify by name, residence and business address and residence and business telephone number, all individuals involved in the decision regarding the timing of the offer and the amount of the offer.

**ANSWER**:

INTERROGATORY NO. 10: State each and every date on which the offer initially made to Brandon and Hayley Woodrum, if any, as referenced in your Answer to

Interrogatory No. 9 above, was changed and identify the date on which each change occurred; specify the details of each change, i.e. whether it was increased, decreased and by how much; identify by name, residence and business address and residence and business telephone number, the Safeco agent, representative and/or employee who communicated the change to Brandon and Hayley Woodrum; and identify by name, residence and business address and residence and business telephone number, all Safeco agents, representatives and/or employees involved in the decision to make each such change and specify in detail all reasons and rationale relied upon by Safeco in support of each such change.

**ANSWER:**


INTERROGATORY NO. 11: Has Safeco ever been sued for bad faith insurance practices in the State of West Virginia in the past ten (10) years and/or if not actually sued, has Safeco ever had an informal complaint or grievance made against it alleging bad faith insurance practices in the State of West Virginia in the past ten (10) years relating to homeowner's insurance claims stemming from storm and/or property damage?  If so, for each suit and/or informal complaint or grievance provide the following information:

        a.      If suit was filed, provide the case caption and identify the Court in which the suit was filed and provide the names, addresses and telephone numbers of the attorneys representing the parties in each such suit and the names and addresses of the parties to each such suit; and

        b.      If suit was not filed but an informal complaint and/or grievance was merely received, identify by name, address and telephone number, the individual filing each informal complaint or

8

grievance and describe with particularity how each such complaint and/or grievance was resolved.

**ANSWER:**

**INTERROGATORY NO. 12:** Did all of your agents, employees, and representatives follow your normal or usual procedure with respect to the handling, adjusting and defense of the claims of Brandon and Hayley Woodrum? If not, identify each deviation from the normal or usual procedure and identify any writing, document, or statement to support your contention.

**ANSWER:**

**INTERROGATORY NO. 13:** Provide the full name, last known residence and business address and last known residence and business telephone number of each and every individual employed by Safeco as a claims adjuster responsible for homeowner's claims resulting from severe storms in West Virginia from 2019 to the present. For each such individual identified, state whether such individual is still employed with Safeco and if so, in what capacity.

**ANSWER:**

**INTERROGATORY NO. 14:** Please state the training of all claims personnel involved in the handling of Brandon and Hayley Woodrum's claim, including for each:

        a.      Job qualifications for each level of claims personnel, including entry level qualifications;

9

      b.      Education;

      c.      On-the-job training; and

      d.      Special courses in property or law.

      **ANSWER**:

**INTERROGATORY NO. 15**:  Provide the name, residence and business address and residence and business telephone number of each individual you intend to call as an expert witness at the trial of this matter.

      **ANSWER**:

**INTERROGATORY NO. 16**:  For each expert identified in response to the preceding Interrogatory, state the subject matter on which each expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify and provide a summary of the grounds for each opinion.

      **ANSWER**:

**INTERROGATORY NO. 17**:  With respect to all witnesses whom you expect to call to give opinion testimony pursuant to Rule 701 of the West Virginia Rules of Evidence at the trial of this matter, state the following:

      a.      The name and address of each such witness; and

      b      A summary of the opinions you anticipate eliciting from each such witness and all facts relied upon by the witness for each opinion to be offered.

**ANSWER:**

**INTERROGATORY NO. 18:**   Does Safeco contend that Brandon and Hayley Woodrum, or anyone on their behalf or associated with them, committed any act or omission which hampered, obstructed or delayed Safeco's investigation of the claims regarding Policy No. OK6722650?   If your answer is anything other than an unequivocal "no," describe with specificity the act or omission, including its date and who it was performed or omitted by, as well as how it impacted Safeco's investigation.

**ANSWER:**

**INTERROGATORY NO. 19:**  Please describe in detail Safeco's investigation into the facts surrounding the claims brought by Plaintiffs under Policy No. OK6722650 including what actions were taken by which Safeco employees and when, to determine whether or not payment would be made with respect to the April 2, 2024 loss.

**ANSWER:**

**INTERROGATORY NO. 20:**   Please describe in detail the factual bases behind Safeco's failure to pay the entirety Brandon and Hayley Woodrum's claim stemming from the April 2, 2024 storm.

11

**ANSWER:**

INTERROGATORY NO. 21: Did you deny any of the Plaintiffs' Requests for Admissions below? If your answer is "yes", for each Request for Admission denied, state:

        a.    Each and every fact upon which you rely in support of said denial; and

        b.    The name, business address, business telephone number, residence address, and residence telephone number of each and every individual you will call as a witness at trial to testify in regard to the facts identified to subparagraph (a) above.

**ANSWER:**

INTERROGATORY NO. 22: Did you respond to any of the Plaintiffs' Requests for Admission below by contending that you had insufficient information or knowledge to allow you to admit or deny the request? If your answer is "yes," state the following:

        a.    Each and every piece of information you believe you need in order to allow you to admit or deny each request to which you responded by alleging a lack of insufficient information or knowledge; and

        b.    What steps or efforts you undertook to obtain the information you believe you need in order to admit or deny each request to which you responded that you had insufficient information or knowledge.

**ANSWER:**

12

INTERROGATORY NO. 23: Please identify by name, address and job title the individual who will be serving as your designated representative at trial in this civil action.

     **ANSWER**:


INTERROGATORY NO. 24: Did Safeco or any agent, employee or representative of Safeco conduct any surveillance or investigative activity with respect to Brandon and Hayley Woodrum. If so, provide the name, telephone number and address of each such person or entity and describe in detail the investigative activity performed as well as the date the same occurred.

     **ANSWER**:


## REQUESTS FOR ADMISSION

REQUEST NO. 1:    Admit that Brandon and Haley Woodrum had a homeowner's policy of insurance, bearing policy number OK6722650, with Safeco that was in full force and effect on April 2, 2024.

     **RESPONSE:**


REQUEST NO.2 :    Admit that Brandon and Haley Woodrum's policy with Safeco provided dwelling coverage limits of $453,700, personal property loss limits of $226,850, other structure limits of $90,740.00.

**RESPONSE:**

REQUEST NO. 3:    Admit on April 2, 2024 a storm occurred in the Charleston, West Virginia area that caused damage to Plaintiff's home, particularly Plaintiffs' roof, fascia, decking and railing and water intrusion into the interior of Plaintiffs' home.

**RESPONSE:**

REQUEST NO. 4:    Admit that the storm that occurred on April 2, 2024 also caused destruction of Plaintiffs' personal property.

**RESPONSE:**

REQUEST NO. 5:    Admit that Safeco was contacted on April 2, 2024 by Brandon Woodrum and reported the claim.

**RESPONSE:**

REQUEST NO. 6:    Admit that Safeco was provided an estimate from Calendar Construction indicating that the total losses sustained by Plaintiffs as a result of the storm totaled $28,325.00.

**RESPONSE:**

14

REQUEST NO. 7 :    Admit that Safeco, through its representative or agent, conducted an on-site inspection of Brandon and Haley Woodrum's property on or about April 8, 2024.

**RESPONSE:**

REQUEST NO. 8:    Admit that on April 8, 2024 the inspection that was conducted by Safeco totaled $6,904.19.

**RESPONSE:**

REQUEST NO. 9:    Admit that on or about April 17, 2024 a payment of $5,585.21 was made to Brandon and Hayley Woodrum

**REPSONSE:**

REQUEST NO. 10:    Admit that the payment referenced in Request No. 9 above, did not include damage for the water damage that occurred within Plaintiff's home, the cost for removal and replacement of a large tree in Plaintiff's backyard, damage to patio furniture or damage caused to a custom-built child's playset.

**REPSONSE:**

REQUEST NO. 11:    Admit that on or about April 23, 2024 a second inspection by a Safeco adjuster and/or representative or agent occurred at Plaintiff' property.

**RESPONSE:**

15

REQUEST NO. 12:    Admit that on or about May 7, 2024 a second payment of $7,402.86 was made to Brandon and Hayley Woodrum.

**RESPONSE:**


REQUEST NO. 13:    Admit the second inspection that occurred on April 23, 2024 by a Safeco representative, adjuster and/or agent totaled $16,725.91

**RESPONSE:**


REQUEST NO. 14:    Admit a payment was made to Brandon and Hayley Woodrum in the amount of $1,959.00 making the total amount of Safeco's payments for the Plaintiffs' claim $14,974.16.

**RESPONSE:**


REQUEST NO. 15:    Admit that the total amount Safeco paid for the Plaintiffs' claim was $13,350.84 less than the total amount of the estimate provided to Safeco by Calendar Construction for Plaintiffs' dwelling and personal property loss claims.

**RESPONSE:**


REQUEST NO. 16:    Admit that Plaintiffs were required to hire an attorney due to Safeco's failure to timely, fairly and appropriately handle and adjust Plaintiffs' claims.

**RESPONSE:**

REQUEST NO. 17:    Admit that Safeco failed to timely or appropriately respond to Plaintiffs' requests for full payment for the repair and replacement costs associated with their claims.

**RESPONSE:**

REQUEST NO. 18:  Admit that Safeco breached the insurance contract it had with Plaintiffs.

**RESPONSE:**

REQUEST NO. 19:    Admit that Plaintiffs were forced to file the instant lawsuit to recover the benefits due and owing to them under their policy of insurance with Safeco.

**RESPONSE:**

REQUEST NO. 20:    Admit that Safeco, by and through its agents, representatives and employees, has failed to reasonably and timely pay the dwelling, personal property and/or other claims due and owing to the Plaintiffs under their policy of insurance with Safeco.

**RESPONSE:**

REQUEST NO. 21:    Admit that Safeco, by and through its agents, representatives and employees, has failed to undertake reasonable efforts to investigate, negotiate and adjust Plaintiffs' dwelling and personal property claims.

**RESPONSE:**

REQUEST NO. 22:    Admit that Safeco's conduct, by and through its agents, representatives and employees, in the handling of Plaintiffs' claims breached the implied covenant of good faith and fair dealing applicable to the insurance contract Plaintiffs had with Safeco..

**RESPONSE:**

REQUEST NO. 23:    Admit that Plaintiffs were forced to incur expenses and costs, including attorneys' fees, to obtain the full benefits, including their residential dwelling and personal property losses, due and owing to them under the insurance contract they had with Safeco.

**RESPONSE:**

REQUEST NO. 24:    Admit that Safeco's failure to timely evaluate, adjust, and pay Plaintiffs' residential dwelling and personal property loss claim, was illegitimate, intentional, without basis in law or fact and done with conscious disregard for the rights of the Plaintiffs.

**RESPONSE:**

REQUEST NO. 25:    Admit that Safeco violated the West Virginia Unfair Trade Practices Act in the handling of Brandon and Hayley Woodrum' claim under Policy No. OK6722650.

18

**RESPONSE:**

REQUEST NO. 26:   Admit that Safeco breached its contract of insurance with Brandon and Hayley Woodrum by refusing to pay the benefits they were entitled as a result of the April 2, 2024 loss pursuant to Safeco Policy No. OK6722650.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:   Please produce the entire claim file relative to the claims of Brandon and Hayley Woodrum arising out of the claim regarding Policy No. OK6722650 including but not limited to:

      a.    All correspondence between Safeco, its agents, adjusters or employees, and Brandon and Hayley Woodrum, or counsel for Brandon and Hayley Woodrum;

      b.    All documents relating to valuation by Safeco, its agents, adjusters or employees of the claims of Brandon and Hayley Woodrum;

      c.    All reports, memoranda, records or papers, etc., relative to your investigation surrounding the April 2, 2024 loss and the claims submitted pursuant to Policy No. OK6722650;

      d.    All documents which would evidence your attempts with either the Plaintiffs, or their attorneys, representatives or any other person acting on behalf of the Plaintiffs, of resolving, settling, or adjusting the underlying claim;

19

e.    All documents which would evidence any recommendation made by either legal counsel for Safeco, or any individual in a supervisory position to the adjuster as to the amount that should be offered in an attempt to settle, resolve or adjust Brandon and Hayley Woodrum' claim;

f.    All time sheets, phone logs, memoranda, and any document which would evidence what amount of time was expended in attempting to resolve the underlying claim and what efforts were taken by Safeco to resolve or adjust Brandon and Hayley Woodrum' claim; and

g.    All electronic files regarding the claim of Brandon and Hayley Woodrum and/or that were in any way utilized and/or relied upon in the handling of their claim.

**RESPONSE:**


REQUEST NO. 2:    Produce any and all documentation in your possession regarding the claims of Brandon and Hayley Woodrum arising out of the claim related to the April 2, 2024 storm and loss even if such documents were not part of the claim file.

**RESPONSE:**


REQUEST NO. 3:    Produce copies of any and all claims manuals, memoranda, policy statements, interoffice or interdepartmental correspondence, letters or other writings or documents or other tangible items which would reflect the policies and procedures of Safeco, relative to the appropriate manner in which homeowner's claims involving storm should be investigated, adjusted, settled and compromised and which materials were being utilized by Safeco from 2014 to the present.

**RESPONSE:**

20

REQUEST NO. 4:      Produce the five (5) most recent financial statements and profit and loss or operating statements of Defendant.

**RESPONSE**:

REQUEST NO. 5:      Produce any and all records including documents, charts, logs, graphs, summaries or other materials or tangible things maintained by the Defendant, Safeco, which records, documents, charts, logs, graphs, summaries or other material or tangible things relate to grievances and/or formal complaints and/or informal complaints filed and/or asserted by claimants and/or policyholders against Safeco resulting from its handling of homeowner's insurance claims involving storm in the past ten (10) years, including, but not limited to, the following:

      a.  Copies of all records and materials generated by or provided to Safeco in connection with each such formal complaint, informal complaint or grievance;

      b.  Copies of each such complaint and/or grievance filed;

      c.  Copies of all documents evidencing Safeco's response to each such grievance and/or complaint; and

      d.  Copies of any and all documents or other materials summarizing and/or describing the resolution of each such complaint or grievance.

**RESPONSE**:

REQUEST NO. 6:      Produce copies of any and all videotapes and/or photographs regarding the claim of Brandon and Hayley Woodrum, which have been taken at any

time by Safeco or representatives of Safeco, or that have been in the possession of Safeco, or are in the possession of Safeco.

**RESPONSE**:

REQUEST NO. 7:    Produce any and all documents identified in your Answer to Interrogatory No. 4.

**RESPONSE**:

REQUEST NO. 8:    Attach all documents relevant to the conduct or omissions described in your Answer to Interrogatory 18.

**RESPONSE**:

REQUEST NO. 9:    Produce a copy of the insurance policy that was in effect at the time of the April 2, 2024 loss.

**RESPONSE**:

REQUEST NO. 10:    Please provide the complete personnel files of all employees and/or representatives of this Defendant who in any way handled, adjusted and/or supervised the claim of the Plaintiffs.

**RESPONSE**:

REQUEST NO. 11:    Please produce all documents which in any way reflect the criteria utilized by Safeco or any of its affiliates for determining whether a goal-sharing

award, bonus, or other compensation over and above an individual's salary would be paid to employees and the amounts of the compensation paid to its different categories of employees from 2015 to present.

**RESPONSE:**

REQUEST NO. 12:   Please produce all documents which in any way reflect the results or performance of Safeco under the criteria utilized for determining whether goal-sharing awards, bonuses, or other compensation over and above an individual's salary would be paid to employees from 2015 to the present and the criteria used for determining the amount of those awards.

**RESPONSE:**

REQUEST NO. 13:   Please produce all information or documentation in your possession that reflects targets or goals for average settlement amounts for homeowner's claims from 2015 through the present.

**RESPONSE:**

REQUEST NO. 14:   Please produce all information or documentation in your possession that reflects the actual results for average settlement amounts for homeowner's insurance claims from 2015 through the present.

**RESPONSE:**

REQUEST NO. 15:    Please produce all information or documentation in your possession regarding criteria used for evaluating the performance of your employees handling homeowner's insurance claims involving theft from 2015 through the present, including, but not limited to, your adjusters, managers, casualty directors, and attorneys.

**RESPONSE:**

REQUEST NO. 16:    Please produce copies of all documents identified or referred to in your Answer to Interrogatory No. 20.

**RESPONSE:**

REQUEST NO. 17:    Please produce all information or documentation in your possession regarding the number of homeowner's insurance claims resulting from storm that have been paid by your company from 2015 through the present.

**RESPONSE:**

REQUEST NO. 18:    Please produce all information or documentation in your possession regarding the investigation into the April 2, 2024 storm by any West Virginia local or State agency or official, including any and all reports generated by a local or State agency or official.

**RESPONSE:**

24

REQUEST NO. 19:   Please produce all information or documentation in your possession relating to your Answer to Interrogatory No. 22 or relied upon in responding to Interrogatory No. 22.

**RESPONSE:**

REQUEST NO. 20:   Please produce the application for homeowner's insurance completed by Brandon Woodrum and/or Hayley Woodrum.

**RESPONSE:**

REQUEST NO. 21:   Please produce any and all documentation, electronic or otherwise, between Capital Insurance Group, LLC. and Safeco relating to Brandon and Hayley Woodrum or Policy No. OK6722650.

**RESPONSE:**

REQUEST NO. 22:   Please produce any and all statements, transcriptions of statements or audio recordings of statements taken by Defendant or obtained by Defendant relating to the April 2, 2024 loss or Brandon and Hayley Woodrum's claims.

**RESPONSE:**

REQUEST NO. 23:   Please produce any and all documentation, electronic or otherwise, that you relied on in answering Interrogatory No. 24.

**RESPONSE:**

Brandon and Hayley Woodrum, Plaintiffs,

by:      */s/* **Eric J. Buckner**
          Eric J. Buckner, Esq. (#9578)
          Daniel J. Burns, Esq. (#11866)
          Katz, Kantor, Stonestreet &
          Buckner, PLLC
          206 South Walker Street
          Princeton, WV  24740
          (304) 431-4050
          ebuckner@kksblaw.com
          dburns@kksblaw.com

          *Counsel for Plaintiffs*

E-FILED | 4/16/2025 10:46 AM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Brandon and Hayley Woodrum**

      **Plaintiffs,**

**v.**                                 **Civil Action No. 24-C-1419**

                                         **Judge Carrie Webster**

**Safeco Insurance Company of America,**

      **Defendant.**

### <u>ANSWER TO AMENDED COMPLAINT</u>

Now comes Safeco Insurance Company of America ("Safeco"),[1] by and through counsel, and responds to Plaintiffs' Amended Complaint as follows:

1.      In response to Paragraph 1 of Plaintiffs' Amended Complaint, Safeco is without information or knowledge sufficient to form a belief as to the truth of the allegations.

2.      Safeco admits the allegations in Paragraph 2 of Plaintiffs' Amended Complaint.

3.      Safeco admits the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

4.      Safeco admits the allegations in Paragraph 4 of Plaintiffs' Amended Complaint.

5.      In response to the allegations in Paragraph 5 of Plaintiffs' Complaint, Safeco admits that a storm occurred in Charleston, WV on April 2, 2024. Safeco is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiffs' Amended Complaint.

6.      In response to the allegations in Paragraph 6 of Plaintiffs' Complaint, Safeco admits that Plaintiffs suffered a covered loss under the Policy as a result of the storm. Safeco is without

---

[1] The caption of the Amended Complaint names the Defendant as "Safeco Insurance Company Safeco Insurance Company of America." This is presumed to be a clerical error, as the correct defendant is Safeco Insurance Company of America.

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of Plaintiffs' Amended Complaint.

7.      In response to the allegations in Paragraph 7 of Plaintiffs' Complaint, Safeco admits that Plaintiffs contracted with Calendar Construction to place tarps on Plaintiffs' roof after the storm.  Safeco is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8.      In response to the allegations in Paragraph 8 of Plaintiffs' Complaint, Safeco admits that Plaintiffs reported the claim to Safeco.  Safeco is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of Plaintiffs' Amended Complaint.

9.      In response to the allegations in Paragraph 9 of Plaintiffs' Complaint, Safeco admits that Calendar Construction completed a repair estimate of $28,325.  Safeco is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiffs' Amended Complaint.

10.     In response to the allegations in Paragraph 10 of Plaintiffs' Amended Complaint, Safeco admits that an inspection of the property took place on April 7, 2025.  Safeco denies the remaining allegations in Paragraph 10 of Plaintiffs' Amended Complaint.

11.     In response to the allegations in Paragraph 11 of Plaintiffs' Amended Complaint, Safeco admits that it wrote an initial estimate for damages based on the inspection of April 7, 2024 totaling $6,904.19.  Safeco denies the remaining allegations in Paragraph 11 of Plaintiffs' Amended Complaint.

12.     Safeco admits the allegations in Paragraph 12 of Plaintiffs' Amended Complaint.

13.     Safeco denies the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14.     In response to the allegations in Paragraph 14 of Plaintiff's Complaint, Safeco admits that a second inspection occurred on or about April 23, 2024.  Safeco denies the remaining allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15.     Safeco admits the allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16.     In response to the allegations in Paragraph 16 of Plaintiff's Amended Complaint, Safeco admits that it prepared an estimate totaling $16,725.91.  Safeco denies the remaining allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

17.     In response to the allegations in Paragraph  17 of Plaintiffs' Amended Complaint, Safeco admits that it issued payments to Plaintiffs totaling $14,974.16.  Safeco denies the remaining allegations in Paragraph 17 of Plaintiffs' Amended Complaint.

18.     Safeco denies the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19.     Safeco denies the allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

20.     Safeco denies the allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

21.     Safeco denies the allegations in Paragraph 21 of Plaintiffs' Amended Complaint.

22.     Safeco denies the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

23.     Safeco denies the allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

24.     Safeco denies the allegations in Paragraph 24 of Plaintiffs' Amended Complaint.

25.     Safeco denies the allegations in Paragraph 25 of Plaintiffs' Amended Complaint.

26.     Safeco denies the allegations in Paragraph 26 of Plaintiffs' Amended Complaint.

27.     Safeco denies the allegations in Paragraph 27 of Plaintiffs' Amended Complaint.

28.     Safeco denies the allegations in Paragraph 28 of Plaintiffs' Amended Complaint.

29.     Safeco denies the allegations in Paragraph 29 of Plaintiffs' Amended Complaint.

30.     Safeco denies the allegations in Paragraph 30 of Plaintiffs' Amended Complaint.

31.     Safeco denies the allegations in Paragraph 31 of Plaintiffs' Amended Complaint.

32.     Safeco denies the allegations in Paragraph 32 of Plaintiffs' Amended Complaint.

33.     Safeco denies the allegations in Paragraph 33 of Plaintiffs' Amended Complaint and all subparts contained therein.

34.     Safeco denies the allegations in Paragraph 34 of Plaintiffs' Amended Complaint.

35.     Safeco denies the allegations in Paragraph 35 of Plaintiffs' Amended Complaint.

36.     Safeco denies the allegations in Paragraph 36 of Plaintiffs' Amended Complaint.

37.     Safeco denies the allegations in Paragraph 37 of Plaintiffs' Amended Complaint.

38.     Safeco denies the allegations in Paragraph 38 of Plaintiffs' Amended Complaint.

39.     Safeco denies all remaining allegations in Plaintiffs' Amended Complaint not expressly admitted or otherwise responded to herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim against Safeco upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred or limited by the terms, conditions, exceptions and exclusions of the Policy.

## THIRD AFFIRMATIVE DEFENSE

Safeco acted in good faith and in compliance with applicable law.

## FOURTH AFFIRMATIVE DEFENSE

At no time in connection with Plaintiffs' claim did Safeco engage in any trade practice which is defined in Chapter 33, Article 11, of the West Virginia Code as, or which has been determined to be, an unfair method of competition or an unfair or deceptive act or practice in the

business of insurance, including but not limited to the unfair claim settlement practices defined in W. Va. Code § 33-11-4(9)(a)-(o).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint is barred, in whole or in part, for failure to plead with particularity and specificity as required by Rule 9 of the West Virginia Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to set forth allegations sufficient to support a claim of punitive damages and attorney fees.

## SEVENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against Safeco is barred by the prohibition against excessive fines contained in the Eighth Amendment of the United States Constitution and by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

Pending discovery, Safeco reserves the right to file any additional defenses that may become apparent during discovery and/or at trial.

WHEREFORE, Safeco respectfully requests that this Court dismiss Plaintiffs' Amended Complaint without further cost to Safeco and for any other relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Dylan J. George*
Dylan J. George (W.Va. Bar No. 14253)
FROST BROWN TODD LLP
500 Virginia Street East, Suite 1100
Charleston, WV 25301
(304) 345-0111 / (304) 345-0115 (fax)
dgeorge@fbtlaw.com

William M. Harter (W. Va. Bar No. 7977)
Elise N. McQuain (W. Va. Bar No. 12253)
FROST BROWN TODD LLP
10 West Broad Street, Suite 2300
Columbus, OH 43215
(614) 464-1211 / (614) 464-1737 (fax)
wharter@fbtlaw.com
emcquain@fbtlaw.com

*Attorneys for Defendant*

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**Brandon and Hayley Woodrum**

        **Plaintiffs,**

**v.**                                  **Civil Action No. 24-C-1419**

                                         **Judge Carrie Webster**

**Safeco Insurance Company of America,**

        **Defendant.**

## CERTIFICATE OF SERVICE

On this 16th day of April 2025, a true and accurate copy of the foregoing was filed with the Court and served via ECF on all counsel of record.

                                    */s/ Dylan J. George*
                                    Dylan J. George (W.Va. Bar No. 14253)

0000T69.0803216  4937-6630-6611v1

E-FILED | 5/30/2025 10:11 AM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Brandon and Hayley Woodrum**

      **Plaintiffs,**

**v.**                                             **Civil Action No. 24-C-1419**

                                                    **Judge Carrie Webster**

**Safeco Insurance Company of America,**

      **Defendant.**

## Rule 26 Proposed Plan and Rule 16 Proposed Scheduling Order

On May 19, 2025, the parties, by counsel, Eric J. Buckner, for Plaintiff, and Dylan J. George, for the Defendant Safeco Insurance Company of America, participated in a Rule 26(f) Conference in this matter, telephonically, and have mutually agreed and submit to the Court the following Rule 26 proposed plan and Rule 16 proposed order and respectfully request the Court enter a Scheduling Order in this matter.

## West Virginia Rules of Civil Procedure 26(f): Conference of the parties; planning for discovery:

26(f)(3) Discovery plan:

    A.    The parties agree to file their 26(a)(1) disclosures, on or before June 27, 2025.

    B.    Subjects on which discovery is needed: The parties agree that discovery will be needed on any non-privileged matter that is relevant to Plaintiffs' claims and Defendant's defenses that have been asserted in this matter. The parties anticipate that discovery should be able to be completed on or by March 20, 2026. This deadline is based on the parties' current expectation that the case can be ready for trial by late June or July 2026. The parties agree that discovery does not need to be completed in phases.

C.    Document production may be produced in a PDF format. The parties do not anticipate issues arising concerning the disclosure, discovery, or preservation of electronically stored information (ESI). If ESI becomes an issue, the Parties will meet and confer regarding the electronically stored information, the information the party is seeking, and the best way to produce the information needed before seeking Court intervention

D.    Claims of Privilege. The parties discussed filing a proposed agreed protective order concerning the disclosure of confidential and/or privileged information. The parties anticipate that Defendant will prepare a Protective Order based on the United States District Court for the Southern District of West Virginia and the same will be provided to Plaintiffs' counsel for his consideration and any edits thereto will be provided to counsel for Defendant's consideration.

E.    Limitations on Discovery. The parties do not believe changes should be made to the limitations on discovery imposed under these rules.

F.    Orders Under W.Va. R. Civ. P. 16(b), (c), and 26 (c). Other than a Scheduling Order providing for the deadlines for the events listed in W.Va. R. Civ. P.16(b), at this time, the parties are unaware of any other order under W.Va. R. Civ. P. 16(b), (c), or 26 (c), that the Court should issue. The Parties have conferred and agreed upon the other discovery deadlines contained in the Rule 16 Proposed Scheduling Order, attached.

Respectfully submitted,


/s/ Dylan J. George
Dylan J. George (W.Va. Bar No. 14253)
FROST BROWN TODD LLP
500 Virginia Street East, Suite 1100
Charleston, WV 25301
(304) 345-0111 / (304) 345-0115 (fax)
dgeorge@fbtlaw.com


William M. Harter (W. Va. Bar No. 7977)
Elise N. McQuain (W. Va. Bar No. 12253)
FROST BROWN TODD LLP
10 West Broad Street, Suite 2300
Columbus, OH 43215
(614) 464-1211 / (614) 464-1737 (fax)
wharter@fbtlaw.com
emcquain@fbtlaw.com

*Attorneys for Defendant*


and


/s/ Eric J. Buckner
Eric J. Buckner (W. Va. Bar No. 9578)
Daniel J. Burns (W. Va. Bar No. 11866)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 South Walker Street
Princeton, WV 24740
(304) 431-4050
ebuckner@kksblaw.com
dburns@kksblaw.com

*Attorneys for Plaintiffs*

3

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**Brandon and Hayley Woodrum**

        **Plaintiffs,**

**v.**                                      **Civil Action No. 24-C-1419**

                                              **Judge Carrie Webster**

**Safeco Insurance Company of America,**

        **Defendant.**

## <u>CERTIFICATE OF SERVICE</u>

On this 30th day of May 2025, a true and accurate copy of the foregoing was filed with the Court and served via ECF on all counsel of record.

                                         */s/ Dylan J. George*

                                         Dylan J. George (W.Va. Bar No. 14253)

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Brandon and Hayley Woodrum**

   **Plaintiffs,**

**v.**              **Civil Action No. 24-C-1419**

               **Judge Carrie Webster**

**Safeco Insurance Company of America,**

   **Defendant.**

### Rule 16 Proposed Scheduling Order

| | | |
|---|---|---|
| 16(b)(3)(i). | To join other parties | July 7, 2025 |
| 16(b)(3)(ii). | To amend pleadings | July 7, 2025 |
| 16(b)(3)(iii). | To complete discovery | March 20, 2026 |
| 16(b)(3)(iv). | To file pre-trial motions (except motions *in limine*) | April 3, 2026 |
| | Response: | April 24, 2026 |
| | Reply: | May 8, 2026 |
| | Dispositive Motion hearing (request early May 2026) | _____ |
| | Time: | _____ |
| 16(b)(3)(A)(i). | 26(a)(1) disclosures | June 27, 2025 |
| 16(b)(3)(A)(ii) | Discovery plan: | |
| | a. Plaintiff to identify fact witnesses: | August 1, 2025 |
| | b. Defendant to identify fact witnesses: | August 14, 2025 |
| | c. Expert deadline (with burden) | November 21, 2025 |
| | d. Expert deadline (without burden) | December 22, 2025 |
| | e. Rebuttal expert deadline | January 16, 2026 |

f.. Rule 35 examination deadline                December 22, 2025
(The agreement to this deadline does not waive any parties' objection to a
Rule 35 examination.)

g. Mediation deadline                          March 6, 2026

h. Pretrial Memoranda to be filed by (ten days prior to Pretrial Conf.):

i. Exhibit list and Exhibits exchanged by (ten days prior to Pretrial Conf.):

Objections to be filed 5 days prior to Pretrial Conf:

j.  Voir dire/Jury Selection:                  Friday before trial date.

k. Motions *in limine*                          May 18, 2026

Objections to:                                  June 1, 2026

l. All parties shall exchange a copy of proposed jury instruction by (5 days prior to

trial:

All instructions agreed to by the parties and any other proposed instructions shall be

submitted to the court and  also transmitted in electronic format by (at least three days prior to

trial):


m. Final pre-trial conference (request late June 2026)      _____

Time:  _____


n. Trial (request late July 2026)                            _____


*Drafted by:*


*/s/ Dylan J. George* _____
Dylan J. George (W.Va. Bar No. 14253)
FROST BROWN TODD LLP
500 Virginia Street East, Suite 1100

6

Charleston, WV 25301
(304) 345-0111 / (304) 345-0115 (fax)
dgeorge@fbtlaw.com


William M. Harter (W. Va. Bar No. 7977)
Elise N. McQuain (W. Va. Bar No. 12253)
FROST BROWN TODD LLP
10 West Broad Street, Suite 2300
Columbus, OH 43215
(614) 464-1211 / (614) 464-1737 (fax)
wharter@fbtlaw.com
emcquain@fbtlaw.com

*Attorneys for Defendant*


and

*Agreed to by:*


*/s/ Eric J. Buckner*
Eric J. Buckner (W. Va. Bar No. 9578)
Daniel J. Burns (W. Va. Bar No. 11866)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 South Walker Street
Princeton, WV 24740
(304) 431-4050
ebuckner@kksblaw.com
dburns@kksblaw.com

*Attorneys for Plaintiffs*

0000T69.0803216  4903-1469-7287v1

7

E-FILED | 8/1/2025 3:04 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BRANDON AND HAYLEY WOODRUM,

        Plaintiffs,

        vs.                               CC-20-2024-C-1419
                                       Judge Carrie Webster

SAFECO INSURANCE COMPANY OF AMERICA,

        Defendant.

## CERTIFICATE OF SERVICE

On this 1st day of August 2025, a true and accurate copy of ***Defendant Safeco Insurance Company of America's Responses to Plaintiffs' First Set of Interrogatories, Requests for Admission and Requests for Production*** was served on the following counsel of record:

Eric J. Buckner (W. Va. Bar No. 9578)
Daniel J. Burns (W. Va. Bar No. 11866)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 South Walker Street
Princeton, WV 24740
(304) 431-4050
ebuckner@kksblaw.com
dburns@kksblaw.com

                                 */s/ Dylan J. George*
                                 Dylan J. George (W.Va. Bar No. 14253)

E-FILED | 8/11/2025 3:08 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Brandon and Hayley Woodrum,**

      **Plaintiffs,**

**v.**                        **Civil Action No. 24-C-1419**

                                            **Judge Carrie Webster**

**Safeco Insurance Company of America,**

      **Defendant.**

### CERTIFICATE OF SERVICE

On this 11th day of August 2025, a true and accurate copy of the foregoing ***Defendant's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Plaintiffs*** was served on all counsel of record via email.

Eric J. Buckner (W. Va. Bar No. 9578)
Daniel J. Burns (W. Va. Bar No. 11866)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 South Walker Street
Princeton, WV 24740
(304) 431-4050
ebuckner@kksblaw.com
dburns@kksblaw.com

                                      */s/ Dylan J. George*
                                      Dylan J. George (W.Va. Bar No. 14253)

0000T69.0803216   4922-5463-6125v1

E-FILED | 9/10/2025 4:09 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Brandon and Hayley Woodrum,**

      **Plaintiffs,**

**v.**                                       **Civil Action No. 24-C-1419**

                                              **Judge Carrie Webster**

**Safeco Insurance Company of America,**

      **Defendant.**

### STIPULATION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY

    **COME NOW** the Plaintiffs, Brandon and Hayley Woodrum, and the Defendant, Safeco Insurance Company of America, by undersigned counsel, and hereby stipulate, pursuant to the West Virginia Rules of Civil Procedure, to extend the timeframe for Plaintiffs to respond to *Defendant's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Plaintiffs* to and including September 17, 2025.

                            Respectfully submitted and agreed to by:

                                  ___*/s/ Daniel J. Burns*_____
                                  Eric J. Buckner (WVSB # 9578)
                                  Daniel J. Burns (WVSB # 11866)
                                  Katz, Kantor, Stonestreet & Buckner, PLLC
                                  206 South Walker Street
                                  Princeton, WV 24740
                                  (304) 431-4050
                                  ebuckner@kksblaw.com
                                  dburns@kksblaw.com
                                  *Counsel for Plaintiffs*

                                __*/s/ William M. Harter (w/ permission)*___
                                  William M. Harter (W. Va. Bar No. 7977)
                                  Elise N. McQuain (W. Va. Bar No. 12253)
                                  FROST BROWN TODD LLP
                                  10 West Broad Street, Suite 2300
                                  Columbus, OH 43215
                                  (614) 464-1211 / (614) 464-1737 (fax)

wharter@fbtlaw.com
emcquain@fbtlaw.com

Dylan J. George (W.Va. Bar No. 14253)
FROST BROWN TODD LLP
500 Virginia Street East, Suite 1100
Charleston, WV 25301
(304) 345-0111 / (304) 345-0115 (fax)
dgeorge@fbtlaw.com
*Counsel for Defendant*

2

E-FILED | 9/23/2025 4:07 PM
CC-20-2024-C-1419
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Brandon and Hayley Woodrum,**

**Plaintiffs,**

**v.**                                        **Civil Action No. 24-C-1419**

**Judge Carrie Webster**

**Safeco Insurance Company of America,**

**Defendant.**

### CERTIFICATE OF SERVICE

I, Eric J. Buckner, do hereby certify that a true and correct copy of the foregoing *"Plaintiffs' Answers and Responses to Defendant's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Plaintiffs,"* has been served upon counsel of record via the US Mail and/or email and the ***"Certificate of Service"*** has been filed with the Court's electronic filing system, this 23rd day of September 2025, which shall send notice of the same to the following counsel of record:

Dylan J. Geoge, Esquire
Frost Brown Todd LLP
500 Virginia Street East, Suite 1100
Charleston, WV 25304
dgeorge@fbtlaw.com

William M. Harter
Elise N. McQuain
Frost Brown Todd LLP
10 West Broad Street, Suite 2300
Columbus, OH 43215
wharter@fbtlaw.com
emcquain@fbtlaw.com

*Counsel for Defendants*


**KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC**
*ATTORNEYS AT LAW*

26

/s/ Eric J. Buckner

Eric J. Buckner (W. Va. Bar ID #9578)
Daniel J. Burns (W. Va. Bar ID #11866)
Katz Kantor Stonestreet & Buckner, PLLC
206 S. Walker Street
Princeton, West Virginia 24740
Phone: (304) 431-4054
Fax: (304) 431-4060
ebuckner@kksblaw.com
dburns@kksblaw.com



KATZ, KANTOR,
STONESTREET &
BUCKNER, PLLC
ATTORNEYS AT LAW